## JENSEN VS. WEINLANDER.

*Notice of public sale — Error in date.*

A notice of a public sale of land (by the commissioners of school and university lands), dated September 15, 1861, stated that the sale would take place on the 6th of December, "1761." *Held,* that the mistake could not mislead, and did not invalidate the sale.

APPEAL from the Circuit Court for *Calumet* County.

The action below was ejectment by *Weinlander* against *Jensen.* *Weinlander* claimed under a sale

made by the commissioners of school and university lands on the 6th of December, 1861, and put in evidence the notice of such sale, the certificate of the sale to himself, and a patent of the land thereafter issued to him by said commissioners, based upon such sale. The land had been mortgaged to the state to secure a loan from the school fund, and forfeited. *Jensen* objected to the admission in evidence of the notice, certificate and patent, on account of a defect in the notice, the nature of which will fully appear from the opinion. The objection was overruled. Judgment for *Weinlander;* and *Jensen* sued out his writ of error.

*Felker & Weisbrod*, for plaintiff in error:

To foreclose the mortgage under R. S. ch. 28, §§ 105 and 106, the notice must state that the sale would take place on a day certain. This provision was mandatory. 9 Wis. 11. It was necessary that the statute be strictly pursued. *Thatcher v. Powell*, 6 Wheat. 119 ; *Bloom v. Burdick*, 1 Hill, 130–141 ; 10 Wis. 563 ; 19 id. 459 ; 4 Denio, 104 ; 9 Barb. 278; 11 id. 191 ; 13 id. 137 ; 20 id. 18 ; 5 Johns. Ch. 35–42 ; 25 N. Y. 320. The day mentioned was an impossible one, and the notice stands as though there had been no attempt to fix a day therein.

*Gillet & Pier*, for defendant in error.

COLE, J. The sole question in this case is, whether the sale made by the commissioners was invalid by reason of the mistake in the notice of sale. The published notice stated that the mortgaged premises would be offered for sale, and sold to the highest bidder, at the office of the secretary of state, at the capitol in Madison, on the 6th day of December, A. D. "1761," unless sooner redeemed according to law. The notice was dated September 5, 1861. The mistake consisted in stating that the sale would take place on the 6th of December, "1761," instead of 1861. It seems to us that this mistake could have misled no one. It was an

impossible day — a day of the past century.   The notice
pointed to a sale to take place in the future.   In reading
the whole notice no one could be in doubt as to when
the sale would take place.   If the mistake had been of
such a nature that any one could have been misled by
it, or such as to render the day upon which the sale was
to be made doubtful or uncertain, there would be
ground for holding that it invalidated the sale.   But
the mistake was evidently not of that character.   Had
the notice stated that the sale would take place on the
6th of December, '61, we think it would have been suffi-
cient.   The place, the day of the month, and the month
being designated, no one would be misled as to the year
when stated in that manner.   It seems to us that this
case is clearly distinguishable from *Miller v. Hull*, 4
Denio, 104 ; *Van Slyke v. Sheldon*, 9 Barb. 278 ; *King
v. Duntz*, 11 id. 192 ; and other cases of that character
in New York, to which we were referred by the counsel
for the defendant, in support of the position that the sale
made by the commissioners was void.

*By the Court.* — The judgment of the circuit court is
affirmed.