## SEXTON VS. APPLEYARD, impleaded, etc.

COMMISSIONERS OF STATE LANDS: SALES OF FORFEITED MORTGAGE LANDS:
PATENT: EVIDENCE: DESCRIPTION OF PREMISES. (1, 2) *Patent as
evidence of regularity of sale.* (2, 3) *Proof of publication of notice.*
(4, 5) *Description of land in notice and deed.* (6, 7) *Whether land must
be sold in parcels. Deed not invalid because it fails to show such a sale.*
(8, 9) *What interest collectable at the sale. Effect of selling for excessive
interest.*

1. Under ch. 58, Laws of 1866, a *patent* issued by the commissioners of
   school and university lands, on a sale of forfeited mortgage lands,
   is *prima facie evidence* of due publication of notice of sale, and of all
   other facts necessary to the validity of such patent.
2. In ejectment, the party interested adversely to such patent produced in
   evidence from the land office certified copies of the *notice of sale*
   (dated Sept. 22, 1870), and an affidavit by one of the publishers of a
   paper in the proper county, of which the *jurat* is dated November
   30, 1870, and which states that the notice was published in said paper
   nine successive weeks, " commencing September 14, 1870." *Held,*
   that even if the effect of the affidavit as evidence is destroyed by its
   fixing the commencement of the publication eight days before the
   date of the notice, still there is nothing in it to destroy the effect of
   *the deed itself* as *prima facie evidence.*
3. *It seems* that the patentee is entitled to prove due publication by *oral
   evidence* at the trial, as was done in this case. But it was not neces-
   sary to determine that question here.
4. Since ch. 53, Laws of 1866, in questions relating to *tax deeds* and *patents*
   issued upon sales of lands forfeited to the state, a more liberal rule
   prevails than previously, in respect to the degree of accuracy re-
   quired in the *descriptions* of such lands. *Jensen v. Weinlander,* 25
   Wis., 477.
5. The *notice of a sale* by the state of forfeited mortgage land described
   one parcel as the "N ½ of ne, sec. 3," in a specified town and range.
   *Held,* that where lands are conveyed with reference to government
   surveys, this description can only mean the north half of the north-
   east *quarter* of such section; and it must be held sufficient.
6. Should the commissioners, by an *abuse of discretion,* refuse or neglect
   to sell forfeited mortgage lands *in parcels* in a proper case, it is very
   doubtful whether this would render the patent *void at law,* though
   equity would probably grant relief.

7. But the statute does not require the commissioners to sell in parcels in all cases, and the mere fact that it does not appear that the lands described in a notice of sale and patent were offered in parcels, does not *invalidate the sale.*

8. Interest on land mortgaged to the state is required by law to be paid annually *in advance.* If the land is sold, for nonpayment, *before* the end of the year, *quære* whether the commissioners are authorized to collect interest *beyond the day of sale.*

9. Where such land was sold seventeen days before the close of the year, and one construction of the evidence would show that the sum which it was sold to raise included interest for the whole year, there being no proof that any person was or could have been injured by the irregularity: *Held,* that the *patent was not invalidated* thereby.

APPEAL from the Circuit Court for *Racine* County.

Ejectment. Plaintiff claimed under a sale of the land (as forfeited mortgage land), made by the commissioners of school and university lands. The defendant *Appleyard* answered separately, and appealed from so much of the judgment in plaintiff's favor as was against himself. The case is more fully stated in the opinion.

*Cottrell & Cary,* for appellant:

Proceedings by the commissioners under the statutes for the sale of forfeited mortgage lands, are *strictissimi juris. Parker v. Overman,* 18 How. (U. S.), 137, 142 ; 1 Hilliard on Mort., 119 ; *Longwith v. Butler,* 3 Gilm., 32 ; Blackwell on Tax Titles, 71, 72. 1. The premises should have been offered in parcels. Tay. Stats., 641, § 118 ; *Roe v. Nicholson,* 13 Wis., 373 ; *Rice v. Cribb,* 12 id., 179 ; *Bank of Ogdensburg v. Arnold,* 5 Paige, 38. The presumption is, that a sale in parcels will be advantageous. Blackwell, 71, 72. 2. The notice of sale is dated Sept. 22, 1870. The affidavit of publication states that the notice was published for nine successive weeks, commencing Sept. 14, 1870. The presumption is, that the notice was not made or issued until the day of its date ; hence it could not have been published sixty days, the proof of publication being to the effect that the notice was published twice before it was actually issued. 3. The notice of sale stated the debt to be

more than it actually was (as to the interest), which was a fraud upon the mortgagor, making the sale void. *Burnet v. Denniston*, 5 Johns. Ch., 35; *Jencks v. Alexander*, 11 Paige, 619. 4. The sale was void because the notice was not published for sixty days next prior to the time of sale, the last publication being made November 9th, and the sale taking place December 15th. The oral proof that the notice was published up to Dec. 14th, was improperly admitted. R. S., ch. 140, sec. 52. 5. The description in the notice of sale is defective; "N 1-2 ne." describes nothing. The letters ne are not initial letters; and if they were so considered, there is nothing to indicate to what subdivision of the section they refer. The mistake might mislead, and the sale was void. *Jensen v. Weinlander*, 25 Wis., 477. The defect is not aided by ch. 53, Laws of 1866, which relates only to *school, swamp* or *university lands*. The title of that chapter cannot extend or restrain any provisions in the body of it. *Hadden v. The Collector*, 5 Wall., 107; *Pulis v. Dearing*, 7 Wis., 221. No intendments are to be made in favor of descriptions in these proceedings. *Delorme v. Ferk*, 24 Wis., 201.

*Vilas & Bryant*, for respondent:

1. The plaintiff established his title presumptively by the patent, which it devolved upon the defendant to impeach. 2. No statute requires imperatively that the land be sold in parcels. Tay. Stats., 643; R. S., ch. 28, sec. 109. This rests in the discretion of the commissioners; and it will not be presumed that they did not do their duty as officers. *Paine v. White*, 21 Wis., 423. If the plaintiff was injured, he should have filed his bill in equity to set aside the sale. *Wright v. Yetts*, 30 Ind., 185; *Kiser v. Ruddick*, 8 Blackf., 382; *Singleton v. Scott*, 11 Iowa, 589. 3. No statute prescribes any mode of proving the notice of sale, and none requires any such proof to be made to the commissioners, and the proof was properly made. *Emery v. Vroman*, 19 Wis., 689, 693–4. 4. There is no proof that the commissioners made the sale for more interest

than was due. The notice of sale is no proof of this, and defendant should have brought proof as to the items of the sum for which the sale was made. Even if there was a trifling error in computing interest, which did not affect injuriously the interest of the parties, this cannot be admitted to destroy the title of a purchaser in good faith. *Jencks v. Alexander*, 11 Paige, 619; *Singleton v. Scott, supra; Burnet v. Denniston*, 5 Johns. Ch., 35. But, by the terms of the mortgage, there was due, January 1st preceding the sale, one full year's interest, which the commissioners had a right to collect. 5. If the omission of the word "quarter," or figures for it, would have been a defect before, it is not so since ch. 53, Laws of 1866. But the description is good without this act. Taking into view the mode of designating lands by government survey, the meaning of the description is plain. *Dickenson v. Breeden*, 30 Ill., 279; *Bowen v. Prout*, 52 id., 354.

LYON, J. This is an appeal from a judgment for the plaintiff in an action to recover certain lands in the county of Racine, sold to the plaintiff, December 15, 1870, by the commissioners of school and university lands, at a sale of forfeited mortgage lands, and conveyed to him by the commissioners. At the time of such sale, the defendant *Appleyard,* the appellant, was the owner of the equity of redemption in a part of said lands, and he was in possession of such part thereof when the action was commenced, and when it was tried. The complaint is in the usual form of complaints in actions of like character, and the answer of the appellant is a general denial. On the trial, the plaintiff introduced in evidence the patent for such lands, issued to him by the commissioners. This proved, *prima facie*, that the plaintiff had lawful title in fee simple to the lands therein described (Laws of 1866, ch. 58), and, with the other evidence in the case, entitled him to judgment for the recovery of such lands, unless one of the objections which will now be considered, is well taken.

I. It was claimed that no legal and sufficient notice of the sale was published.

Unless such notice was published for the time and in the manner required by law, the sale is invalid, and the plaintiff has no title to the lands in controversy. But the patent is *prima facie evidence* that he has lawful title thereto. Hence the patent must be *prima facie* evidence that the notice was duly and legally published. If the patent proves title in the plaintiff, it must necessarily prove that all of the proceedings essential to vest the title in him have been taken.

To avoid or destroy the *prima facie* effect of the patent in this particular, the defendants read in evidence on the trial, copies, duly certified from the school land office, of the notice of sale, and of an affidavit made by Hamilton Utley, one of the publishers of the Racine Journal, a weekly newspaper printed and published in Racine county, which affidavit is to the effect that such notice of sale was published in that paper for nine successive weeks, commencing September 14, 1870. The *jurat* is dated November 30, and the notice of sale September 22, in the same year. The statute requires the commissioners "to advertise the mortgaged property for sale in one or more newspapers printed in the county where the land is situated * * * for sixty days." The affidavit shows a publication of the notice of sale for sixty days in an authorized newspaper.

But, conceding that the effect of the affidavit as evidence of due publication of the notice is destroyed by the fact that it fixes the time at which the publication was commenced, eight days before the date of the notice, still there is nothing in it, or in the other testimony in the case, which destroys or weakens the *prima facie* proof derived from the patent, that there was a legal and sufficient publication of the notice of sale. That proof is intact, and hence the due and legal publication of such notice is a verity in the case.

The plaintiff produced as a witness Wm. L. Utley, also one of the proprietors of the Racine Journal, who testified (under

objection by the defendants) that the notice of sale was published in such newspaper, once in each week successively, from October 12 to December 14, 1870; the last publication having been made on the last mentioned day. This gives nine publications, and sixty-four days notice of the sale.

It is not material to determine whether this testimony was properly admitted; but unless there is some statute to the contrary (and our attention has not been directed to any such statute), we see no good reason why the publication of the notice may not properly be proved in that manner.

II. The notice of sale of the forfeited mortgaged lands describes one parcel thereof as follows: " N 1-2 ne, sec. 3, town 2, range 19," etc. It is objected that this description is insufficient in that the abbreviation " ne," without any other words or characters to denote what particular portion of the section was intended, fails to describe any specific tract of land, and hence that the patent for the N. 1-2 of the N. E. 1-4 of section 3, is void for want of such description in the notice. The land in controversy between the plaintiff and the appellant is a part of the last above described tract or lot.

Were this a question between grantor and grantee in an ordinary conveyance of land, there is no doubt that the description is sufficient. The land is described according to the system established by law for making government surveys, of which system the courts take judicial notice. " Ne" is an abbreviation of " North-east," in constant and universal use. There is no north-east portion of a section known in government surveys, other than the north-east *quarter* of the section. Hence, in a conveyance or other instrument which employs the phraseology of the governmental system of surveys to describe land, if the *north-east* or *N. E.* subdivision is indicated, it necessarily results that. the north-east *quarter* of the section is intended. Every person of common intelligence would so understand it.

But were this a question upon a tax deed issued prior to the

enactment of ch. 53, Laws of 1866, the description would doubt-
less be held insufficient, on the authority of several cases de-
cided by this court, in which a very strict rule, requiring great
accuracy of description, has been applied to that particular class
of conveyances. *Curtis v. Supervisors of Brown Co.*, 22 Wis.,
167 ; *Orton v. Noonan*, 23 id., 102 ; *Delorme v. Ferk*, 24 id.,
201 ; *Jenkins v. Scharpf*, 27 id., 472.

Which of the foregoing rules is properly applicable in this
case ? We think that this question has been answered by this
court (and we believe correctly answered) in favor of the more
liberal rule, in the case of *Jensen v. Weinlander*, 25 Wis., 477.
That was an action to recover land, which, as in this case, had
been mortgaged to the state to secure a loan from the school
fund, had been forfeited and sold, and a patent therefor issued
to the plaintiff. It was claimed that the patent was void, and
conveyed no title to the plaintiff, because the notice of sale
named a certain day in the year "1761," as the day of sale. It
was, of course, apparent that this was a mistake, and that
"1861" was intended. The sale was made on the day intended,
and the validity of the patent issued to the plaintiff pursuant
thereto was sustained on the ground that no one could be
misled by the mistake in the notice. We have here a direct
application, to a case precisely like the present one in princi-
ple, of the more liberal rule which prevails in controversies
between grantors and grantees in ordinary conveyances. Had
the question in that case arisen upon a tax deed issued prior to
the enactment of the law of 1866, the decision would doubtless
have been different. The fact that the defect or mistake in the
notice of sale did not (as it does in this case) relate to the de-
scription of the land, but only to a date, is quite immaterial.
The principle is the same in either case ; and that principle is,
that in the class of conveyances then and now under considera-
tion, and the proceedings preliminary thereto, the consequences
of alleged errors or omissions must be determined by an appli-

cation of the more liberal rule before mentioned, and not by the strict rule which formerly prevailed in cases of tax deeds.

Without regard, therefore, to the provisions of ch. 53, Laws of 1866, we conclude that the description in the notice of sale indicates the land to be sold with reasonable certainty, and is sufficient in that particular to support the patent under which the plaintiff claims title to the land in controversy. The foregoing views render it unnecessary to determine whether the act of 1866 is by its terms applicable to this class of cases.

III. It is further claimed that the lands described in the notice of sale and patent were not sold in parcels, or, at least, that it does not appear affirmatively that they were thus sold, and that the patent to the plaintiff is invalid for that reason.

The law requires that sale shall be made " of so much of the mortgaged premises, to the highest bidder for cash, as will pay the amount due for principal, interest, damages and costs of advertising and selling the same " (Tay. Stats., 641, § 118); and it further provides that such sale may be in parcels, so that the whole amount required be realized thereby (id., 643, § 125.) The certificate or statement of sale shows that the lands described in the notice of sale and patent were, at the time and place mentioned in the notice, fairly struck off and sold to the plaintiff for the precise sum alleged to be due the state. The statute makes such statement evidence of the matters therein stated. Tay. Stats., 643, § 126.

We are of the opinion that the law does not require the commissioners to sell in parcels in all cases ; but, in the exercise of a sound discretion, they doubtless may do so. Should they refuse or neglect to do so in a proper case, it is probable that a court of equity would grant relief ; but it is very doubtful whether an abuse of discretion in that respect would be ground for holding the patent void at law.. In the present case, conceding that the premises were not sold in parcels, there is no pretense that there was any abuse of discretion on the part of

the commissioners, or that any injury has resulted to any person by reason of the failure to sell in parcels.

IV. The only remaining objection to the validity of the patent, to be determined, is, that the interest on the mortgage for the whole of the year 1870 is one of the items for which the lands were sold, whereas the sale took place December 15, 1870, and interest could not lawfully be computed beyond that day.

The only evidence we find as to the amount of interest collected is a clause in the notice of sale, as follows: " Amount due, $400; amount of interest, penalty, taxes and advertising, $50.34; total due the state, $450.34; years for which interest is due, 1870." It is impossible to find from this evidence alone that the interest for the whole of the year 1870 was collected. The words of the clause above quoted may signify only that whatever interest was included in the aggregate amount for which the land was sold, accrued in the year named. Besides, the interest for the whole of the then current year was due at the commencement of such year, by the terms of the note which the mortgage was given to secure. The note contained a promise by the mortgagor to pay the interest annually in advance.

But, conceding that the commissioners were not authorized to collect interest beyond the day of sale, the excess is the interest on $400 for seventeen days, which is about $1.32. In the absence of any proof that any person was or could have been injured or prejudiced by the irregularity, we can not hold that it operates to defeat the title of the plaintiff under the patent.

Failing to find that either of the objections to the validity of the patent is well taken, it necessarily follows that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.