The Trustees of Schools in Township No. 23, in Range 6 West of third P. M., Plaintiffs in Error, *v.* Richard H. Snell *et al.,* Defendants in Error.

ERROR TO TAZEWELL.

The notice of a judicial sale of property should specify a time, or the hours within which, during the ordinary business hours of the day, when it would be made ; which should be at some public, accessible and convenient place for bidders.

This was a motion to set aside a sale of real estate, and heard before Harriott, Judge, at the April term, 1857, of the Tazewell Circuit Court.

A bill had been previously filed to foreclose a mortgage given by Snell upon lots No. 7, 8 and 13 in school section No. 16, town. 23, range 6 west of the 3rd p. m., also on lots 12, 13, 14, 15 and 16, in block 73, in Pekin, Illinois. A decree was regularly entered, ordering the above lands and lots to be sold, or so much thereof as might be necessary to pay the amount due on the mortgage, which was $405 $\frac{1.9}{100}$. The decree directed the land to be sold first ; the commissioner to give notice of the time, terms, and place of sale, in some public newspaper published in the city of Pekin, for four weeks before the day of sale ; sale to be for cash in hand.

The commissioner appointed to execute the decree, reported that he advertised the mortgaged premises for four successive weeks in the Tazewell Register, a newspaper published in the city of Pekin, a copy of which was filed with the report, and on the 2nd day of January, A. D. 1857, at the front door of the court house, in the city of Pekin, exposed the same to sale for cash in hand ; that B. S. Prettyman bid for lot 7, in school section 16, etc., the sum of one dollar ; for lot No. 8 he bid one dollar ; for lot 13 he bid one dollar ; and which, being the highest bids, the same were struck off to him at those prices. And that for lot 12, in block 73 in Pekin, said Prettyman bid $190 ; for lot 13, $190 ; for lot 14, $20 ; for lot 15, $20 ; for lot 16, $22.61. The advertisement was in substance as follows :

*State of Illinois, Tazewell county.* Tazewell county Circuit Court, September term, 1856. Trustees of schools, etc., v. the defendants, naming all of them, stating that he (the commissioner) should, on Friday, the 2nd of January next, at the front door of the court house in the city of Pekin, expose to public sale for cash in hand, the lands and lots above mentioned, (describing them), which was signed by the commissioner.

There was also a certificate of the publisher that the adver-

tisement was published for four successive weeks, the first being December 4th, 1856, the last December 25th, 1856.

At the April term, 1857, John Wightman, one of the defendants, moved to set aside said sale, because,

1st, The lands in the decree mentioned were worth more than the amount of the debt, and the purchase money of said lands (being the debt which said mortgage was given to secure) were first liable to be applied in payment of the debt, and they having been sold for a merely nominal sum, a re-sale should be ordered. 2nd, The advertisement was not published four weeks before the day of sale. 3rd, The advertisement does not specify any hours of the day between which the sale was to be made. It was also proved that the land in section 16 was worth $600.

The court set the sale aside, and ordered a re-sale, to which the plaintiffs excepted.

B. S. PRETTYMAN, for Plaintiffs in Error.

JAMES ROBERTS, for Defendants in Error.

SKINNER, J. This was a motion to set aside a sale of land made on foreclosure of a mortgage. The Circuit Court set the sale aside.

The decree directed the master to sell upon four weeks' notice of the time, terms, and place of sale, published in a public newspaper printed in the city of Pekin. The notice, published on the 4th of December, 1856, stated that the sale would be made on " the 2nd day of January next." The proof showed that the property was sold at an enormous sacrifice. The notice as to the *time* of sale was insufficient.

The 2nd day of January included the astronomical period of a revolution of the earth upon its axis, twenty-four hours. 2 Blackstone's Com. 141, and notes ; 1 Cowen's Treatise, 297. The sale, therefore, might, consistently with the notice, have been made immediately before midnight of that day, and if it was so made, it is voidable. The object of a public sale is, by fairness and competition to evolve the full value of the property exposed, and produce that value in the form of money. This can, as a general rule, only be done by making the sale at a convenient or public place, accessible to bidders, and during the ordinary business hours of the day. The notice should have stated the hour of sale, or that the sale would be made between certain named hours of the business portion of the day.

*Decree affirmed.*