## LAWRENCE FITZPATRICK & others *v.* MICHAEL FITZPATRICK & others.

The minutes of the testimony of a witness, taken by a judge in the course of a trial before him, are competent as evidence in another case to which the witness is a party, of an admission made by the witness in his testimony, when such minutes are accompanied by the testimony of the judge that they were so taken, and that he believes them to be correct; although he also swears that he has no recollection of the testimony of the witness, and that the minutes do not recall the testimony to his memory.

An advertisement, giving notice of a mortgagee's sale under a power contained in the mortgage, is sufficient, although not signed by the mortgagee, and although the mortgaged premises to be sold are described in it no more particularly, than as "situated in the northerly part of the city of Providence, being the lot of land No. 10 (ten) on the plat of the land of S. W., surveyed and platted by H. F. W., July 7, 1845," provided the plat be recorded.

Where a deed is so defectively executed under a power contained in a mortgage as to be void, and is followed by a quitclaim deed of the title, executed by the grantee to the mortgagee who sold under the power, the former deed may, by consent of parties, be corrected by interlineations, and both deeds being reacknowledged and recorded afresh as of a subsequent date, may be presumed to be redelivered as of the new date, so as to take effect from their redelivery.

A defendant in trespass and ejectment cannot, at least under ordinary pleas to the maintenance of the action, protect his possession by setting up an outstanding mortgage of the ancestor of the plaintiff purchased in by the defendant pending the action; nor by setting up such a mortgage discharged of record before the commencement of the action, but assigned to him pending the action; although he proves that the mortgage was purchased by him before the action and discharged by mistake of the mortgagee, and the assignment recites the purchase and mistake.

Where the title produced by a plaintiff in an action of trespass and ejectment is fatally defective for a cause not noticed or objected by the defendant at the trial, the court may, nevertheless, grant to the defendant a new trial, on the ground of such defect, provided it is apparent that the defect, if objected at the trial, could not have been remedied by further proof on the part of the plaintiff.

TRESPASS and ejectment to recover the possession of a lot of land in the north part of the city of Providence, being lot No. 10, on a plat of land of Samuel Whelden, made July 7, 1845.

Pleas, the general issue, and soil and freehold in the defendants; and, again, in the defendant, Edward Fitzpatrick, and that by his license, the other defendants entered, and joinder.

At the trial before the chief justice, with a jury, it appeared that the plaintiffs, who were infants, claimed title to the lot in question, as the children and sole heirs at law of one Martin Fitzpatrick; that the lot was formerly the property of one Wil-

liam Donnelly, by whom, on the 23d day of August, 1849, it was mortgaged to the defendant, Edward Fitzpatrick, to secure the sum of $456, payable on or before the 23d day of February, 1850, with power of sale to the said Edward, his heirs, executors, administrators, and assigns, for the payment of said sum with interest and expenses of sale, in the event that the mortgage money should remain unpaid after said 23d day of February, 1850; he or they " first giving three months' notice of such sale, and of an adjourned sale, two weeks, in some public newspaper, in said Providence." To prove the assignment of said mortgage, by Edward Fitzpatrick, to their father, Martin Fitzpatrick, the plaintiffs submitted evidence, tending to prove, that the original assignment of the mortgage was formerly in the possession of Martin, and was kept in a trunk in which were his clothes and all his papers, to which Edward, being in the same house, had free access, which assignment was now missing; and claiming that Edward had taken it, and now had it, in the possession of his counsel, in court, called upon the counsel to produce it; which being refused, they offered as secondary proof of the same, a certified copy of the instrument from the registry of deeds in Providence, together with the testimony of Hon. William R. Staples, late chief justice of the supreme court, to his minutes of the sworn admission of Edward, taken on the trial before him of certain proceedings in forcible entry and detainer instituted by said Martin against said Donnelly for the possession of the premises, from which it appeared, that said Edward, as a witness, swore that he had assigned said mortgage to Martin and received from him a consideration therefor. Judge Staples produced the minutes in his handwriting; but stating, that he did not recollect the testimony at all, even after reading his minutes, but that they were the minutes taken by him as judge presiding at the trial, and that he presumed they were correct, his minutes and testimony were objected to, on the part of the defendants, as proof of Edward Fitzpatrick's admission that he assigned said mortgage to Martin, and, notwithstanding said objection, were allowed by the court to pass to the jury. In further proof of their title, and that Martin Fitzpatrick, after the day of payment in said mort-

6 *

gage, sold the lot in question under the power of sale contained therein to one John Doran, who reconveyed the same to Martin, the plaintiffs first offered evidence tending to prove, that said Martin advertised, in the " Providence Journal," for the length of time required by the power, the sale of the mortgaged premises, and produced the files of that paper, with accompanying proof, from which it appeared, that for the requisite length of time the following advertisement was inserted in that paper :—

### " Mortgagee's Sale.

" Will be sold by public auction on Friday, April 19, 1850, by virtue of a power of sale contained in a deed of mortgage, made and executed by William Donnelly, Aug. 23, 1849, a certain lot of land, with the buildings and improvements thereon situate, in the northerly part of the city of Providence ; being the lot of land, numbered (10) ten, on a plat of the land of Samuel Whelden, surveyed and platted by H. F. Walling, July 7, 1845.   By order of the mortgagee."

The admission of this evidence of the execution of the power was objected to on the part of the defendants, on the ground, that the notice of sale, above advertised, described the estate sold, only by reference to a plat, and did not state to whom the mortgage was executed.   It appearing, however, that the plat as well as the mortgage were recorded in the registry of deeds and plats in the city clerk's office, in Providence, the objection was overruled, and the evidence was admitted to pass to the jury.

The plaintiffs then submitted proof, that on the 19th day of April, 1850, the lot was sold, under the power, at public auction, to John Doran, as the highest bidder therefor, for the sum of $520, and in further evidence of their title offered two deeds, one, from William Donnelly, executed by Martin Fitzpatrick, as his attorney, bearing date April 19, 1850, and first acknowledged before the city clerk on the 22d of April, 1850, which recited Donnelly's mortgage, the power of sale, non-payment of the mortgage money, and sale, and conveyed the lot to Doran, in fee ; and the other, a quitclaim deed from Doran to Martin Fitzpatrick, of the same premises, and dated, and first acknowl-

edged, on the same days, as the deed from Donnelly to Doran. It appeared from inspection of the first of these deeds, coupled with the testimony of the city clerk, who witnessed and acknowledged it, that when first executed and acknowledged it ran in the name, and purported to be the deed of Martin Fitzpatrick, as " the present mortgagee of the aforesaid mortgage deed," (meaning Donnelly's mortgage to Edward Fitzpatrick,) " by virtue of an assignment, recorded, &c." though signed by Martin Fitzpatrick as attorney for Donnelly ; and that afterwards, on the 2d day of May, 1850, it was altered, by interlining the words " William Donnelly, by my attorney," between the words " J." and " Martin Fitzpatrick," in the body of the deed, and in other respects mentioned below, leaving the signature and date to stand, and was then reacknowledged before, and recorded afresh by the city clerk ; his certificate, as follows, under the old one, being upon it : —

" Providence, ss.   In city of Providence, May 2, 1850, came Martin Fitzpatrick, and acknowledged the foregoing instrument, as altered by adding, " and whereas said Donnelly appointed said Edward his attorney, with power to sell, and whereas said Edward assigned the mortgage aforesaid to Martin Fitzpatrick on the first day of October, A. D. 1849," and also, " William Donnelly, by my attorney," to be his free act and deed.

" Before me, ALBERT PABODIE, City Clerk."

On the same day, as appeared by the certificate on the deed, and oath of the city clerk, the deed from Doran to Martin Fitzpatrick was acknowledged by Doran again, and recorded afresh.

Upon this proof of title, the judge presiding at the trial, against the objection of the defendants, allowed the deeds to pass to the jury as sufficient *primâ facie* evidence of title in the plaintiffs, and thereupon the plaintiffs rested their case.

To maintain the issues on their part, the defendants offered in evidence a mortgage deed of the premises of a date prior to the mortgage under which the plaintiffs claimed, but assigned

to the defendant, Edward Fitzpatrick, after the commencement of this suit, which, being objected to by the plaintiffs, the presiding judge refused to allow to pass to the jury to protect the possession of the defendants.

To maintain the issues, on their part, the defendants then offered in evidence a mortgage deed of the premises, made by Martin Fitzpatrick to William G. R. Mowry and Clarke Steere, copartners, under the style of Mowry & Steere, and an assignment thereof to the defendant, Edward Fitzpatrick, executed, and bearing date, after the commencement of this suit, but which assignment recited, that the mortgage had been really purchased by said Edward of said Mowry & Steere, for full value, prior to the commencement of this suit, to wit, on the 8th day of January, 1855. On the margin of the record of this mortgage, in the book in which it was registered in the city clerk's office, it was agreed, however, was the following writing : —

" Having received payment in full for the note within named, we do hereby cancel and discharge this mortgage deed. Witness our hand and seal, January 8th, 1855.

(Signed)      " Mowry & Steere, (l. s.)<br>
" By Wm. G. R. Mowry, (l. s.")

" In presence of
" Albert Pabodie."

The said assignment of said mortgage also recited that this writing on the margin of the record had been made by mistake; and the defendants offered to prove, in connection with said mortgage and assignment the facts recited in said assignment, to wit, that said Edward Fitzpatrick did out of his own proper moneys, on said 8th day of January, 1855, pay to said Mowry & Steere the full value of said mortgage debt, and thereby, had then actually purchased said mortgage of them, and that said writing on the margin of the record of said mortgage had been made by mistake and error of said Mowry & Steere, and that neither said Martin Fitzpatrick, under whom the plaintiffs claim, nor any one for him, had paid said mortgage debt, or

any part thereof. The presiding judge, upon the objection of the plaintiffs, refused to allow said testimony, or said mortgage and transfer to pass to the jury, as evidence of title on the part of the defendants.

The jury having found the several issues for the plaintiffs, and the defendants having duly excepted to the several rulings above of the judge presiding at the trial, now moved for a new trial on the ground of errors in law in said rulings.

*James Tillinghast*, for the motion : —

1st. The notes of Judge Staples should not have been received in evidence. It was not the testimony of William R. Staples, swearing from memory, refreshed by the memoranda to facts that had once been within his knowledge that went before the jury, but it was the paper, as the official notes of Judge Staples of the testimony of a witness at a former trial, mere hearsay, that was allowed to pass. This should not have been. The rule has never been extended to include these, especially where the witness is living and within the jurisdiction. *Miles* v. *O'Hara*, 4 Binney, 108; *Foster* v. *Shaw*, 7 Serg. & Rawle, 156 (162); *Lightner* v. *Wike*, 4 Ib. 203; *Lawrence* v. *Barker*, 5 Wend. 301; *Greene* v. *Brown*, 3 Barb. (Sup. Co.) 119. Even had the witness deceased, these notes would not have been admissible. They were not sufficiently established, and were in another case, with different parties and issues. *Wolf* v. *Wyeth*, 11 Serg. & Rawle, 149; 1 Greenl. Ev. § 163, &c. and note; *Watson* v. *Gridley*, 11 Serg. & Rawle, 337; *Warren* v. *Nichols*, 6 Met. 261.

2d. This advertisement is defective and not sufficient under the power, and the sale thereunder was consequently void. These powers are limitations upon the right to redeem and are not favored, but are to be strictly construed and followed. Hill on Trustees, 478; 1 Sugden on Powers, 252, 253; 1 Hilliard on Mortgages, 97, § 15–91, § 2; *Gibson* v. *Jones*, 5 Leigh, 370, as cited in 2 U. S. Eq. Digest, 363, § 1496; *Ormsby* v. *Tarascon*, 3 Litt. 404; 2 U. S. Eq. Digest, § 1498–9. No place or time of sale is given. *Burnet et al.* v. *Denniston*, 5 Johns. Chan. 35. The advertisement is signed by no one, and no information given in it by which any one interested could know where, or to

whom to apply to redeem, or acquire information concerning the mortgage, the amount due, &c.  The only reference is by order of the mortgagee, when in fact the sale was by an assignee of the mortgagee.  The sale being void for above defect in the notice, no title passed by it, and consequently, the legal title and right of action, if any, is in the administrator of Martin Fitzpatrick, and not in the plaintiffs his heirs. It is well settled, that plaintiffs in ejectment must recover on the strength of their own title, and that a defendant in possession, without title, may show that the plaintiff has no title, or that it has failed or passed out of him.  *Jackson* v. *Rowland,* 6 Wend. 666.

3d.  The mortgagee's deed, as first executed, was a nullity ; or if not, it was cancelled by the alterations, and the title under it did not vest in Doran until the time of the second acknowledgment, which was after Doran's deed to Martin Fitzpatrick. *Clason* v. *Corley,* 5 Sand. (Sup. Co.) 447 ;  13 U. S. Dig. 491, §§ 142, 143.  And Doran's deed being a mere quitclaim deed, with limited covenants, no after-acquired title passed by it. *Blanchard* v. *Brooks,* 12 Pick. 49 ;  *Comstock* v. *Smith,* 13 Ib. 116 ;  *Wight* v. *Shaw,* 5 Cush. 56 ;  *Miller* v. *Ewing,* 6 Ib. 34.

4th.  The title acquired under the mortgage to Stephen Martin should have been received in evidence to protect the defendant's possession.  *Jackson* v. *Smith,* 13 Johns. 408 ;  *Tucker* v. *Keeler,* 4 Vermont, 161 (as cited 2 U. S. Dig. 136, § 427) ; *Munsel* v. *Sanford,* 1 Root, 257, (Ib. 138, § 473).

5th.  The title acquired under this mortgage should have been received in evidence.  The title when acquired related back to this suit.  In fact, the title vested before this suit; for the mere payment of the money passed the mortgage.  *Jackson* v. *Ramsay,* 3 Cowen, 75.  The receipt upon the margin of the record is a mere receipt, and open to explanation, to show it was a mistake, especially as against the plaintiffs, who are merely volunteers in the estate under the original mortgagee, and cannot, like a purchaser for value, set up the record discharge.  *Bell* v. *Woodward,* 34 N. Hamp. 90 ; *Fleming* v. *Tany,* 12 Harris, 47.

*Currey*, against the motion : —

1st. The evidence of the record of the paper mentioned was rightly admitted. Its admission is sustained by the cases, *State* v. *Gordon*, 1 R. I. Rep. 191, 192 ; and *State* v. *Colwell*, 3 Ib. 132. The paper was admissible, on its recognition by the witness of its genuineness, as his official notes.   1 Greenl. § 437 and note.

2d. The references in the advertisement of sale to the registration of both the mortgage and of the plat, made the description of the premises sufficient.

3d. That the re-acknowledgment and redelivery of these deeds would operate as an execution and delivery *de novo*, and relate back to their dates, would seem to be a proposition too obvious in the law to need any argument.

4th. The ruling objected to here is sustainable upon every principle ; since in trespass and ejectment, whether under the plea of not guilty or of soil and freehold, the issue looks only to the title at and before the commencement of the action.

5th. The evidence of the Mowry mortgage was rightly rejected, as the mistake mentioned, if any there was, could be corrected only in a court of equity.   Rev. Stats. ch. 149, § 8.

AMES, C. J.   The first ground for new trial, set down in this motion, that the judge presiding at the trial admitted the minutes taken by Judge Staples when trying a case, of the testimony of one of the defendants, for the purpose of proving that defendant's admission, is clearly untenable.   The objection made to the admissibility of this evidence, is, that the judge could not *recollect* the testimony independent of his minutes, nor refresh his memory with them of what the testimony was, but could merely swear that they were taken by him, as judge, in the course of the trial of a case before him, and that he believed them to be correct.   Such minutes are taken by every judge in our supreme court and court of common pleas, as a necessary part of his official duty in the trial of causes ; in order, not only to enable him to instruct the jury in the law applicable to the facts, which by law he must do, or to sum up the evidence to the jury, which by law he may do, but to enable him to allow grounds for new trial, founded upon the evidence, under the rules, and bills of exceptions, under the requirement of the

statute. Numerous as trials, and, consequently, voluminous as such minutes must necessarily be, to apply to them the strictest rule that can be found with regard to the voluntary exceptional memorandum of an ordinary witness, would be to banish them as a source of evidence for the numerous and important purposes, in the administration of justice, for which they are needed ; since no judge, unless possessed of a superhuman memory, could, in general, truly testify further than Judge Staples testified in this case, that these were his minutes of what took place before him, written by him at the time, and that he believed them to be correct. We think that the fair presumption, decidedly, is, that they are correct ; and that if rules of evidence are designed to elicit, and not to obstruct the passage of truth to a jury, they ought to be admitted, as evidence, with such verification of them as, in the nature of things, is possible. It would be quite easy to hunt, up cases which would justify the admissibility of the ordinary memoranda of a witness, unofficially taken to refresh his memory, upon quite as slight a basis of recollection as existed in the case before us. References to some of them may be found in 1 Greenl. Ev. § 437, n. 3. But such minutes as these stand, and are admissible as evidence, upon their own peculiar grounds. They occupy a place midway between official records and ordinary unofficial memoranda ; and are the highest kind of minutes, or entries, as in relation to accounts they are called, made in the course of business. The distinction between memoranda or entries of facts, and memoranda of what is said, adverted to at the argument, has no application to them ; since it is the official duty of the judge, because necessary to enable him properly to perform the duties of his office, to take minutes of what is said by witnesses, in giving their testimony. With every guaranty for their general correctness, which official position and duty, and even necessity, that they may answer their immediate purposes, can throw about them, it would be strange, indeed, if they were not receivable in evidence, subject to contradiction, of course, without other confirmation than the testimony of the judge as to the occasion on which he took them, and that he believes them to be correct. See *Rex* v. *Whitehead,* 1 Car. & Payne, 67 ;

*Miles* v. *O'Hara*, 4 Binn. 110, 111; *Eastman* v. *Cooper*, 15 Pick. 287.

The second ground for new trial alleged in the motion, this court has before had occasion to consider in the analogous case of the advertisement by a sheriff of a sale under the levy of an execution on real estate; *Childs* v. *Ballou*, 5 R. I. Rep. 537; and we see no reason, either upon principle or authority, to doubt the correctness of what is there intimated, that, in such a notice, given to call together purchasers, and to enable them to ascertain, with certainty, what is offered for sale, a description of the premises to be sold, by reference to a plat or deed on record, is sufficient. Any description which can be given will be unintelligible to one unacquainted with the locality, and the more precise, the more unintelligible; and the description of the premises in this notice, to wit, "a lot of land, with the buildings and improvements thereon, situated in the northerly part of the city of Providence, being the lot of land numbered (10) ten on the plat of the land of Samuel Whelden, surveyed and platted by H. F. Walling, July 7th, 1845"; which plat, it is agreed, as well as the mortgage under which the sale was made was recorded, is quite as intelligible to purchasers, as any that can be imagined.

The only other objection to this notice of sale taken at the trial, to wit, that it was not signed by the mortgagee, is equally untenable. The power authorized, nay required, that it should be given by the assignee who might sell under it; and to answer the only purpose of it, in calling together purchasers, it was equally effective whether signed by the mortgagee or not.

The *third* ground for new trial is, in substance, that after the delivery by Martin Fitzpatrick of his deed to Doran, and Doran's delivery of his deed of quitclaim to Martin Fitzpatrick, which took place on the 19th day of April, 1850, it was discovered that the deed by Fitzpatrick under the power, ran in his own name, instead of that of his principal, Donnelly; whereupon the parties, on the 2d day of May following, came before the city clerk, who was the witness to both deeds, and corrected the error in the first deed by interlineations, and then reacknowledged both deeds, and had both recorded by the city clerk anew,

and as of the date of May 2d.   What more complete proof of
the redelivery of both deeds can be given ?   It is old law that
" as a deed may be delivered by words without deeds, so may it
also be delivered by deeds without words " ;  the matter depend-
ing upon the intent of the parties.   Sheppard's Touchstone, 58,
and note 3.   It is true that, "regularly, there may not be two
deliveries of a deed ; for where the first delivery doth take any
effect at all, the ₛsecond  delivery is void ; " but we are also in-
formed in the same sentence that if the deed, as first delivered,
is merely void, or doth become void by matter *ex post facto,* and
the party deliver it again, " by this means the deed is become
good again."   Ibid. 60.   Now, in the case before us the deeds
were either good to pass the title as first delivered, or they were
not.   If they were, the title passed by the first delivery ; and if
not, by the second ; and so, *quacunque via,* the title passed.   It
is evident that this ground for new trial wholly fails.

The remaining ground for this motion, that the judge presid-
ing at the trial refused to allow the defendants to protect them-
selves against the action, by setting up outstanding mortgages
made by the father of the plaintiffs, ånd purchased in by one of
the defendants after the commencement of the suit, can' find
no support, either in principle or respectable authority.

In a real action, like our action of trespass and ejectment,
the pleas of ·not guilty, and of soil and freehold, look to the
state of things at or before the commencement of the action ;
and if matter of discharge accrue to the defendant pending
the action, as from the plaintiff's release, or the like, it must be
pleaded to the " further maintenance of the action," if it has
arisen after suit, but before plea or continuance ; ₐand *puis dar-
rein continuance,* if after plea or issue joined.   *Evans* v. *Prosser,*
3 T. R. 186 ;  *Le Bret* v. *Papillon,* 4 East, 502.   In the courts of
Massachusetts, a mortgage of the ancestor of the demandant,
acquired pending a writ of entry, cannot be set up by the tenant
to support a title defective at the commencement of the writ,
even though pleaded *puis darrein continuance.   Curtis* v. *Francis,*
9 Cush. 428, 443, 444.

Nor was this species of defence aided in case of the mortgage
to Mowry and Steere assigned to one of the defendants after the
commencement of the suit, by the proof offered,ₐthat in fact the

mortgage was purchased by the defendant some three years be-
fore the commencement of the action, but, by mistake at the time
of purchase, was discharged upon the record, instead of being as-
signed. By the express words of chapter 149, section 8, of the
Revised Statutes, it is enacted, that a discharge so made, "shall
forever afterwards discharge, defeat, and release such mortgage,
*and perpetually bar all actions to be brought thereupon in any
court.*" Nothing can be stronger than these words to show that
by such a discharge the legal title under the mortgage was dis-
charged, and, at all events, never vested in the defendant until
after the commencement of the action. Under the pleas, the
question was merely as to the place of this title, whether in
the plaintiffs or defendants, at the commencement of the suit;
and whilst, on the one hand, we know of no power in a court of
law, upon the plainest proof, to reform the deeds and documents
executed by mistake, so as to make them conform to the true
intent of the parties, we do not see how, if they could, it would
help the case of defendants, unless they could also make *their*
act of reformation, or that of the parties, done pending the suit,
relate back and take effect, as of a time anterior to its com-
mencement. For these reasons, this motion must be refused
upon all the questions raised at the trial.

As a general rule, no other than such questions can be con-
sidered upon such a motion; but where the facts, as allowed
by the judge and conceded by both parties, show a fatal defect
in the title of the plaintiffs, now relied upon in defence, and
which if noticed at the trial could not have been obviated by
further proof on the part of the plaintiffs, courts have felt au-
thorized to consider the point as still open, upon such a mo-
tion as this, and to dispose of the case in such a manner as
justice would seem to require. *Slater & another* v. *Rawson*,
1 Metc. 450–458; and see *Maynard* v. *Hunt*, 5 Pick. 240–243.

Now such a point, which in the hurry of the trial and the
sudden introduction of the evidence, escaped the attention
of the counsel for the defendants at the trial, has now been
brought to our notice. The notice of the sale under Don-
nelly's mortgage, of which an advertisement for the period of
three months prior to the sale, in some public newspaper,

printed in Providence, is required, as a preliminary to a sale under the power, is, upon inspection, found defective in the indispensable requisites of naming the *time*, to wit, the hour of the day, and *the place* of the sale. Such a defect defeats the whole purpose of the notice, which, as we view it, is to bring together such a body of purchasers, as by fair competition, will insure, as far as this goes, a full price for the subject of sale. Where, as in such a case, the question is simply whether the power be well executed or not, the question is merely one at law; and so far from being, as argued by the counsel for the plaintiffs, a question in equity only, if there is nothing more in the case, a bill in equity to set aside the execution of the power cannot be maintained. *Tichburn* v. *Leigh,* 6 Vin. Abr. 365, pl. 11; 2 Sugden on Powers, ch. 11, § 1, art. 13, p. 180.

This defect appears in the only proof brought into the case by the plaintiffs to show the manner in which, as the attorney of Donnelly, Martin Fizpatrick executed the power of sale contained in the mortgage assigned to him, and this proof, so far as has been disclosed, is the only proof upon that subject. It is fatal to the plaintiffs' title; since, if the power was not well executed the mortgage still remains, and the action for the recovery of the mortgaged premises should have been brought by the personal representative of Martin Fitzpatrick, instead of by his heirs.

For this cause the verdict must be set aside, and a new trial granted.