THOMAS L. WRIGHT, APPELLANT, V. CITY OF OMAHA, APPELLEE.

FILED JANUARY 5, 1907. No. 14,577.

1. **Cities: INJURY TO WIFE: LIABILITY TO HUSBAND.** The city of Omaha, under its charter of 1903, is liable to the husband for consequential damages suffered by him in consequence of injuries to his wife caused from a defective street or sidewalk in the city.

2. **Written** notice to the city given by the wife and conforming to the provisions of section 22, ch. 12a, Comp. St. 1903, which notice by its wording, or from the signature thereto, brings home to the city knowledge that the injured party is a married woman whose husband may suffer consequential damage arising from her injury, is sufficient to enable the husband to maintain the action.

3. ———. Whether the husband may maintain such action without notice of any kind given to the city, not discussed or determined.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed.*

*F. T. Ransom* and *J. F. Moriarty,* for appellant.

*John P. Breen, W. H. Herdman, I. J. Dunn* and *H. E. Burnam, contra.*

DUFFIE, C.

The plaintiff brought this action to recover from the city of Omaha damages alleged to have been sustained in consequence of expenses incurred by him for physician's and nurse's services in the treatment of his wife for injuries received by her upon one of the public streets of the city of Omaha. Damages were further claimed for loss of services and the society of his wife during the illness resulting from her injuries. Facts are stated in the petition showing negligence on the part of the city in the care of the street where the injury occurred. It is further alleged that written notice of the injury and the time and place of its occurrence was served by leaving the same with the clerk and the mayor of the city. A copy of the notice is in the following words: "Omaha, Neb., February 5, 1903. To the Honorable Mayor and City Council— Gentlemen: Take notice that on January 20, 1903, at about 8 o'clock P. M., while walking north on the sidewalk on Fifteenth street, about thirty feet north of Spring street, in the city of Omaha, Neb., the undersigned stepped into a graded place about fourteen inches deep, slipped on the ice accumulated in said place, fell and struck the back part of her head against the wooden sidewalk. She was unconscious for two hours, has been under medical care ever since, is still unable to be out of bed, and has suffered great pains, and is still suffering great pains from said fall. The place where she fell was graded by the city in order to place there a permanent sidewalk. There was no light there to warn the public of the dangerous condition of said place, and I, therefore, hold the city responsible for the injuries sustained by the undersigned. Lizzie Wright, by T. L. Wright, her husband. 1423 Canton street."

A demurrer to this petition was sustained by the district court upon the ground that the plaintiff had not, in his own behalf, given, or caused to be given, notice to the city of the damages sustained by him because of the injuries to his wife. The statute then in force relating to notices to be given the city authorities, precedent to maintaining an action for damages, is in the following words: "No city shall be liable for damages arising from defective streets, alleys, sidewalks, public parks or other public places within such city, unless actual notice in writing of the accident or injury complained of with a statement of the nature and extent thereof, and of the time when and place where the same occurred, shall be proved to have been given to the mayor or city clerk within twenty (20) days after the occurrence of such accident or injury. And it is hereby made the duty of the city clerk to keep a record of such notice, showing time when and by whom such notice was given and describing the defect complained of; to at once file such notice, and report the same to the city council at its next meeting. Any person or persons claiming to have been injured from or by reason of the cause herein indicated, shall at any time after the giving of the notice contemplated, be subject to a personal examination by the city physician and such other physican as the city attorney may indicate, or by either thereof, for the purpose of determining the character and extent of the injuries complained of; and failure or refusal to submit to such examination shall prohibit the maintaining of any action against the city or recovery of any damages therefrom."

Is this notice sufficient under the statute to entitle the plaintiff to maintain an action for consequential damages sustained because of the injury to his wife? It is nowhere provided in the statute that the injured person, or the person whose property is damaged, shall himself give the notice provided for. The provision is that the city shall not be liable for damages arising from defective streets, sidewalks, etc., unless actual notice in writing of the acci-

dent or injury complained of, with a statement of the nature and extent thereof, and the time when, and place where, the same occurred, shall be proved to have been given to the mayor or clerk within twenty days after the occurrence of such accident or injury. It may be that it was in the contemplation of the legislature to provide that the party injured, or claiming damages, should give this notice, or that it should be given on his behalf or for his benefit, but, if so, the language used is wholly inadequate for that purpose. In cities of the first class, the notice provided for in case of injuries arising from defective streets or sidewalks, the statute, in plain language requires the parties claiming the damage to give or cause the same to be given. Comp. St. 1901, ch. 13, art. II, sec. 183. The purpose of such notice is to allow the city to promptly examine the place where the accident occurred, to confer with and secure witnesses, and generally to prepare itself for a trial of the case and establish its freedom from negligence if a suit be ultimately instituted against it. The notice in this case gave the city information relating to every matter required by the statute. It is nowhere required that the notice shall state that the party giving the same will claim damages, nor the amount or kind of damages which have been suffered.

The case is almost identical with the Connecticut case of *Peck v. Fair Haven & W. R. Co.,* 77 Conn. 161. In that state the statute provided that no action to recover damages for an injury, or for the death of any person, or damages to personal property caused by negligence, shall be maintained against any electric, cable or street railway company, unless a written notice containing a general description of the injury, and its time, place and cause, be given within four months after the neglect complained of. The notice in that case was given by a married woman for an injury suffered by her in consequence of the alleged neglect of the Fair Haven Company. The husband instituted an action for his consequential damage, relying upon the notice given by his wife. Speaking of the suffi-

ciency of this notice to enable the husband to maintain the action, the court said: "This section does not provide that the notice shall contain a statement of the character or amount of the claim of the injured person for damages, nor that a claim for damages is made, or is intended to be made, nor is it expressly provided that the notice must be given by the injured person. * * * The words of the statute requiring a description in the notice of the 'time' and 'place' of the occurrence of the injury, mean a statement of the day and hour when, and a description of the locality where, the person injured received the direct injury to his person or property from the defendant's negligent act, as nearly as these facts can be given. The description to be given of the 'cause' of the occurrence of the injury is of the alleged negligent act of the defendant, or its servants, which caused the injury, and 'the general description of the injury' required is of the direct or immediate injury to person or property caused by such described act of negligence, and not of consequential damages which have or which may result from such injury. It is the purpose of this law that the officers of the corporation receiving the notice shall obtain by it such early information regarding the facts required to be described therein, as will enable them to investigate such facts within a reasonable time after their occurrence. * * * If, in order to maintain the present action—due notice having been given by his wife of her injury—the plaintiff was also required to give the notice provided by section 1130, his notice, had it been given, would have stated only those facts described in the notice given by his wife, and of which facts the defendant had already been duly informed by a written notice by the person receiving the injury from which the plaintiff's injury resulted. Considering the real purpose of giving the notice, we see no reason why the statute should be construed as requiring such additional notice to be given to enable a husband to maintain an action for consequential damages resulting

from an injury to his wife, of which injury she has already given the required statutory notice."

The notice informed the city officials that the party injured was a married woman and that the plaintiff was her husband, and the law informed them that he was liable for the necessary expenses attending her injury, and they knew that he would be deprived of her services and society so long as she was disabled by the accident. There were damages necessarily growing out of the accident, though accruing to a person other than the one suffering the direct injury, and the notice given not only complied with the statute, but put the city in possession of every fact necessary to an investigation of all damages arising therefrom. As said by the Connecticut court, the notice given by the wife was sufficient to enable the husband to join with her in maintaining an action for her injury, and in any event we cannot read into the statute words omitted by the legislature, especially with a view of depriving a party of the right to a hearing in court for a wrong alleged to have been sustained. The cases cited by appellee in support of the ruling of the district court are all cases where the statute provided that notice should be given by or on behalf of the party claiming damages. In our opinion, the ruling of the supreme court of Connecticut upon a similar statute was based upon principle and should be followed. The notice being sufficient under the statute, the right of the husband to maintain an action for consequential injury without notice of any kind, in support of which *McDevitt v. City of St. Paul,* 66 Minn. 14, is cited, will not be discussed.

We recommend that the judgment appealed from be reversed and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, the judgment appealed from is reversed and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

REVERSED.