## PARKS et al. v. THOMPSON & WILKERSON.

No. 18016. Opinion Filed Feb. 21, 1928.

(Syllabus.)

1. Chattel Mortgages—Foreclosure — Sale by Advertisement—Statutes Mandatory—Noncompliance in Sale by Mortgagee as Conversion.

Sections 7646 and 7647, C. O. S. 1921, re-

lating to sales of property under chattel mortgages by advertisement, must be substantially complied with, and, where a mortgagee takes possession of the property for the purpose of foreclosure and sells it without such substantial compliance, he converts the property, and his lien thereon is extinguished.

**2. Same—Rights of Second Mortgagee After Illegal Sale by First Mortgagee.**

Where the mortgagee of a first mortgage takes possession of said chattels without objection by the mortgagor and sells it without foreclosing his mortgage in the manner provided by law, the purchaser takes the same subject to a second mortgage regularly executed and filed for record prior to said sale. After default, the mortgagee of the second mortgage is entitled to maintain an action against said purchaser for the possession thereof in order to foreclose his mortgage.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Thompson & Wilkerson, a copartnership, against Joe Parks et al. Judgment for plaintiffs, and defendants appeal. Affirmed.

G. V. Pardue, for plaintiffs in error.

Sigler & Jackson, for defendants in error.

MASON, V. C. J. This action was commenced by the defendants in error to recover judgment on a note for $2,500, executed by the New Wilson Drug Company and Thomas Parks, and to foreclose a chattel mortgage executed at the same time and as a part of the same transaction covering certain drug store fixtures. It was also alleged that the defendants Mary Seay, Little Drug Company, and Joe Parks claimed some interest in said property, unknown to plaintiffs, which was inferior to that of the plaintiffs.

No defense was made by Thomas Parks. The other defendants claimed to have purchased most of said fixtures either directly or from their codefendants, who purchased them directly from parties having valid and subsisting prior mortgages covering said property which had been filed of record. It was further contended that said purchases had been made at regular foreclosure sales of said mortgages. It appears that the Rounds & Porter Lumber Company was threatening to foreclose a prior mortgage on the remaining portion of said fixtures and that the defendants advised the plaintiffs of said fact, and after the plaintiffs failed to take any action, the defendant Mary Seay paid said company the amount of said mortgage and took possession of said property. No

contention is made that said mortgage was assigned to her, nor does she plead subrogation.

The trial court, after all the evidence had been admitted, concluded that there was no question of fact involved, discharged the jury, took the case under advisement and thereafter rendered judgment for the plaintiffs on the note against Thomas Parks, the evidence disclosing that he was sole owner of the New Wilson Drug Company, which was just a trade name. Judgment was also rendered against all the defendants and in favor of the plaintiffs for possession of said property. The defendants Little Drug Company, Mary Seay, and Joe Parks have appealed from that portion of the judgment of the trial court which finds that their claim or interest in said property is inferior to that of the plaintiffs and which directs Joe Parks to deliver said property to the plaintiffs for the purpose of foreclosing their mortgage.

Counsel for plaintiffs in error has not complied with the rules of this court in the preparation of his brief, which makes it somewhat difficult to ascertain his theory of the case, but the principal contention seems to be that the plaintiffs' mortgage was junior and inferior to that under which the defendants claim.

It is true the mortgages under which defendants claim were executed and filed prior to the mortgage of the plaintiffs, and the record discloses that the mortgagee, in one of said mortgages, at least, had secured possession of a part of said property by legal proceedings, yet the record does not disclose that said mortgages were foreclosed and said property sold in compliance with the statutes of this state. It is conceded that said foreclosure proceedings, if had at all, were had under the provisions of sections 7646 and 7647, C. O. S. 1921.

A copy of a purported notice to sell under foreclosure, as provided for in said sections, was introduced in evidence, but there is nothing in the record to disclose that the other provisions of said sections were complied with. The provisions relative to the sale of property under chattel mortgages by advertisement are statutory, and proceedings required by the law must be substantially complied with.

The rule is well established in this state that where a mortgagee of personal property takes possession of the same for the purpose of foreclosing his mortgage, and sells the same without a substantial compliance with

the statute, he converts the property and his lien on the same is extinguished.

After the plaintiffs introduced in evidence the note and mortgage sued on, they offered proof that the terms of the mortgage had been broken and that the property involved herein was covered by said mortgage. This entitled the plaintiffs to judgment, but, in order to overcome same, the defendants attempted to establish title under foreclosure sales of prior mortgages. The defendants established the fact that they had purchased a portion of said property from the mortgagees of mortgages which were executed prior to the one sued on by plaintiffs, but they failed to establish that said sales had been made in compliance with sections 7646 and 7647, C. O. S. 1921, relative to foreclosing chattel mortgage by advertisement. In the absence of such proof, no defense was established against plaintiffs' action as to this portion of the property.

Defendants' evidence disclosed that the defendant Mary Seay purchased the remaining portion of said property from the Rounds & Porter Lumber Company, but no contention is made that she purchased it at a foreclosure sale, or that the mortgage held by said lumber company was assigned to her.

In Kahn v. McConnell, 37 Okla. 219, 131 Pac. 682, this court announced the rule in the second paragraph of the syllabus as follows:

"When the vendee, in payment of the purchase price of real estate, pays indebtedness secured by a first mortgage, he is not subrogated to the lien of that mortgage as against a second mortgagee whose mortgage is duly recorded at the time of purchase."

The same rule would be applicable in the case at bar, and the defendant Mary Seay would not be subrogated to the lien of the lumber company as against the second mortgage of plaintiffs which had been duly filed of record.

Counsel for plaintiffs in error also makes some complaint because the trial court took the case from the jury, but counsel certainly cannot be serious in this contention, inasmuch as the journal entry of the trial court discloses that the cause was withdrawn from the consideration of the jury upon an agreement of both parties. Conceding, however, that this recital is incorrect, yet it could not be considered here, for the reason that it was not called to the attention of the trial court in a motion for a new trial.

From an examination of the entire record in this case, we are of the opinion that the

judgment of the trial court is correct, and the same is, therefore, affirmed.

BRANSON, C. J., and HARRISON, PHELPS, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 11 C. J. p. 589, §284; p. 700, §493. (2) 11 C. J. p. 605, §304 (Anno); p. 732, §563.