AMERICAN DISCOUNT CO. *v.* KEEF.

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

THOMAS, THOMAS & FOLTS, of Chattanooga, for plaintiff in error.

J. C. NIPPER, of Chattanooga, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the conditional vendee of an automobile, retaken and sold by the conditional vendor, to recover from the vendor "that part of the consideration paid to him," under Code, section 7291, on the ground that the vendor, after the retaking, had failed to advertise and sell in accordance with the provisions of Code, section 7287 et seq. There was a judgment for the vendee in the circuit court, affirmed by the Court of Appeals.

The particular breach of duty in the premises charged against the vendor is that the sale was had at a time other than advertised to be held. The notice of sale was as follows:

"Notice

"We will on January 8, 1934, at 11 o'clock A. M. sell for cash to the highest and best bidder at public outcry, the following described property, to-wit:

"One 1934 Model Chrysler Coupe, Motor No. 25895. This sale will be had to satisfy balance of an indebtedness for purchase money, note given by W. L. Keef on October 16, 1934, in which title to said car was retained in us to secure said purchase money, and he having failed to meet the obligation set out and we having repossessed said property for the purpose of this sale. Said sale will be held in front of the Leck Robinson's Garage, 59 E. Main St., Chattanooga, Hamilton County, Tennessee.

"American Discount Company

"[Signed]   D. S. DeFord

"12/29/34"

It will be observed that the sale was advertised for. January 8, 1934. As a matter of fact, the sale was held on January 8, 1935. The notice of sale, however, was dated "12/29/34," which, according to common understanding, means December 29, 1934. The notice also recites that the unpaid note, to satisfy which the sale was to be had, was dated October 16, 1934. It also appears that the property to be sold was a 1934 Model Chrysler coupé.

We do not see how any one reading this notice could have been misled as to the real date on which the vendor intended to make the sale, or how any one reading the notice could have failed to conclude that *1934* was inadvertently written into the notice of sale instead of 1935. The date of the notice and the date of the title retention note, as these dates appeared in the notice, were respectively December 29, 1934, and October 16, 1934. No one could take a notice of sale to be an advertisement of a sale held previous to the date of notice. There could not be any balance of indebtedness accrued on a note prior to the date of that note.

██ ██ The time of a sale by a conditional vendor of property retaken, like the time of a judicial sale, should be clearly stated in the notice. In the case of judicial sale, however, if the mistake in the notice as to the date of the sale is not of such a character as to mislead the public, the mistake being obvious on inspection of the notice, such a mistake is immaterial and of no effect. 16 R. C. L., 44.

Where the date of sale was given in the notice as June 1, 1093, instead of 1903, the irregularity was held to be trivial, not calculated to mislead, and cured by confirma-

tion of the sale. *Neff* v. *Elder*, 84 Ark., 277, 105 S. W., 260, 120 Am. St. Rep., 67.

Where notice of sale was by mistake dated April 23, 1858, instead of 1868, the court held that the mistake was obvious on inspection and did not invalidate the sale. *Mowry* v. *Sanborn*, 68 N. Y., 153.

A notice of sale dated September 15, 1861, stated that the sale would take place on December 6, 1871. It was held that this mistake could not mislead and did not therefore effect the validity of the notice. *Jenson* v. *Weinlander*, 25 Wis., 477.

Reversed and suit dismissed.