Beets *v.* John R. Jarnagin Motor Co.

(*Knoxville*, September Term, 1943.)

Opinion filed November 20, 1943.

R. W. WOLFENBARGER, of Washburn, and D. S. BEELER, of Rutledge, for plaintiff.

C. K. ELLIS, of Rutledge, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The plaintiff, Beets, who has appealed, sued the defendant Jarnagin Motor Company in the Circuit Court of Grainger County for money had and received in the sum of $151.65. The controversy arose out of a conditional sales contract which plaintiff made with defendant for the purchase of an automobile on September 30, 1938. At the time of the contract, there was a cash payment of $50 and deferred balance of $319.60 to be paid in monthly installments of $16.85. The vendee paid various installments on this contract until May 19, 1939. Thereafter, the payments having ceased, defendant, on August 21, 1939, filed suit to repossess the car through the court of R. A. Johnson, a Justice of the Peace of Grainger County, and in the writ named a certain Foster Miracle as the defendant. Miracle had been introduced to Jarnagin as a possible purchaser of the car from the plaintiff. After a judgment for Jarnagin on the replevin on September the 5th, a sale of the car was made to the Justice of the Peace, Johnson, from whose court the writ of replevin had issued. At this sale, the car was bought in for $15. On September the 8th, a warrant was sworn out by Jarnagin before Johnson against Beets for disposing of mortgaged property. Beets was arrested on the warrant on September the 17th, but before any further steps were taken, he paid off the entire balance then due on the conditional sales contract, which amounted to $151.65. After this payment, he wrote to Jarnagin advising him of the payment made at the

bank which held his note for collection, requesting a dismissal of the criminal warrant and the return of his note. Apparently, the criminal warrant was dismissed and the note is an exhibit to the plaintiff's original declaration in the record before us here. In this declaration Beets sued for the recovery of the balance of $151.65 which he had paid at the bank to avoid prosecution under the criminal warrant, as authorized by Code, section 7294.

At the trial of the present case in the circuit court, a judgment was rendered for the defendant Jarnagin. On plaintiff's appeal to the Court of Appeals, this judgment was affirmed. We granted *certiorari,* have heard argument and the entire record is before us for disposition.

The plaintiff makes a number of assignments of error, but to dispose of this appeal, we find it necessary to consider only the fourth, which attacks the validity of the resale under the conditional sales contract and alleges a failure to comply with various provisions of the Code in that regard. This assignment is in substance as follows: That the Court of Appeals erred in finding that the three sales notices, filed as exhibits in this case, were legal and regular and complied with the Code provisions for conditional sales; that they are illegal and irregular because they fail to show the time of the sale; are not uniform; and that the sale was not held by the original vendor, his agent or assignee. The pertinent parts of section 7287, to which this assignment is directed, are as follows:

"When any personal property is so sold upon condition that the title remain in the seller, it shall be the duty of said seller, having regained possession of said property because of the consideration remaining unpaid at maturity, within ten days after regaining said possession, to

advertise said property for sale for cash, to the highest bidder, by written or printed posters posted at as many as three public places in the county where the property is to be sold, *one of said places to be in the civil district in which said property is to be sold,* one at the courthouse door in the county, and the third at any public place in the county, said notices to be posted at least ten days before the day of sale, and to contain a description of the property to be sold, *and time and place of said sale.* Unless the debt is satisfied before the day of sale, then it shall be the duty of *said original seller, or his assignee or agent,* at the time and place as stated in said notices, to offer for sale, and sell, said property, . . ." (Emphasis ours.)

It is apparent, from an examination of the three copies of the notices for sale, which are exhibits in the record, that they are not identical copies, that they are partly made on the typewriter with carbon paper and partly filled in in pen and ink. Only one of the three copies makes any pretense to give the hour at which the sale was proposed to be held, as "between hrs. 10 and 4 P. M." This notation on the notice does not form a part of any grammatical sentence and is inserted at the bottom of the notice immediately after the words "J. R. Jarnagin Motor Company" and immediately before the words "This 26th day of August, 1939," so that if we read the notice as written, there appears at the bottom of the sheet, "J. R. Jarnagin Motor Company, between hrs. 10 and 4 P. M., This 26th day of August, 1939." The date, 26th day of August, 1939, was the day on which the notice was posted, so that it is a perfectly reasonable construction, from the way the paper is written, to assume that the notice was posted between the hours of ten and four

on the 26th day of August, 1939. Apparently, this notice, from an endorsement on the back, was posted in the office of Squire Johnson. It is not said where the sale will be held, but there is another insertion in pen and ink alongside the typewritten J. R. Jarnagin Motor Company, "Dock Baileys, 6 Civil Dist Grainger Co." Neither of the other two copies of the notice, as exhibited, refer to any time whatever, except to state that the sale will be held on the 5th day of September, 1939. These last two copies, however, do say that the sale will be held in the Sixth Civil District at Dock Bailey's Liberty Hill. It appears, from endorsements on the back, that both these last two notices were posted in the window of J. R. Jarnagin Motor Company. From the oral testimony of Bailey, summarized in the Wayside Bill of Exceptions, inference may be drawn that there was a fourth notice posted on a tree some four miles from Bailey's residence, but whether the tree was in the 6th Civil District of Grainger County is not averred nor proved. It is not proved that that notice contained any statement of the hour for holding the sale, or that it was anywise different from those exhibited.

■ In a suit by the original vendee to recover money paid to conditional vendor after repossession and resale, the burden is on the vendor to prove compliance with provisions of the Code with reference to repossession and resale. *Whitelaw Furniture Co.* v. *Boon,* 102 Tenn., 719, 52 S. W., 155, quoted with approval in *Hobbs* v. *Smith,* 171 Tenn., 176, 101 S. W. (2d), 474; *Commerce Union Bank* v. *Jackson,* 21 Tenn. App., 412, 416, 111 S. W. (2d), 870, 872.

Many previous decisions of this court hold a conditional vendor to strict compliance with the provisions of Code, sections 7287 and 7291. *Murray* v. *Motor Truck Sales Corp.,* 160 Tenn., 140, 145, 22 S. W. (2d), 227, 23 S. W.

(2d), 913; *Cowan* v. *Singer Manufacturing Co.*, 92 Tenn., 376, 21 S. W., 663; *Massillon Engine & Thresher Co.* v. *Wilkes* (Tenn.), 82 S. W., 316.

Considering then the fourth assignment of error in the light of the foregoing citations from the Code and previous decisions of this court, the undisputed proof is that the resale was not made by the conditional vendor, his agent or assignee, but was made by a stranger casually picked up by the interested bidder on his way to the place where the sale was held. There is no proof that any one of the notices was posted in the Civil District of the County in which the sale was held, the only proof being that the nearest notice was posted on a tree some four miles from the the place of sale.

■ We think these omissions, to comply with the discussed provisions, 7287 and 7291 of the Code, were sufficient to void the sale, but its defect is rendered fatal and final by the fact that the copies of the notices are not identical one of the other, and that in two of those exhibits there is no attempt, whatever, to state the time for the sale. This omission in the notices rendered the sale void. *American Discount Co.* v. *Keef*, 170 Tenn., 555, 98 S. W. (2d), 87.

■ The words "time and place" in a statute mean a statement of the day and hour when and a description of the locality where the event takes place. *Peck* v. *Fair Haven & W. R. Co.*, 77 Conn., 161, 58 A., 757, 758; *Wright* v. *City of Omaha*, 78 Neb., 124, 110 N. W., 754, 755.

It results, therefore, that the fourth assignment of error is sustained; the other assignments are overruled; the judgment of the courts below are reversed and the case remanded for further proceedings consistent with this opinion and the provisions of Code, sec. 7291. The defendant will pay the costs of this appeal.