**OKMULGEE MOTOR SALES CO., by U. E. Vassaur, Plaintiff in Error,**

v.

**Daniel PRENTICE and Grace Prentice, Defendants in Error.**

No. 39543.

Supreme Court of Oklahoma.

May 15, 1962.

Boatman, Pugsley & Boatman, Okmulgee, for plaintiff in error.

Hays & Beidleman, Okmulgee, for defendants in error.

BERRY, Justice.

The parties, who appear here in the same relative position as in the trial court, will be referred to herein as they appeared in said court.

Plaintiff sold defendants an automobile. The latter executed in plaintiff's favor a promissory note for a portion of the purchase price which was secured by a chattel mortgage covering the automobile. Upon defendants' failing to timely pay in accordance with the provisions of the note, plaintiff demanded of defendants possession of the automobile, which demand was complied with. After gaining possession of the automobile, plaintiff undertook to foreclose the chattel mortgage in accordance with the provisions of 46 O.S.1961 §§ 53, 54, 55 and 56.

It is provided in Sec. 53, supra, that the notice of sale shall contain "The time and place of sale" and other matter. In the notice that plaintiff gave in connection with the foreclosure proceeding, the date and place, but not the time (hour) of the sale, were given. On the date mentioned in the notice the automobile was offered for sale and plaintiff purchased same at a price which was less than the amount that defendants then owed on the note.

In this action plaintiff seeks to recover from defendants the balance owing on the note after crediting the note with payments made by defendants thereon and the amount bid by plaintiff for the automobile at the foreclosure sale.

Upon the case being called for trial, counsel for plaintiff made an opening statement in which he admitted that the automobile was sold and purchased by plaintiff under the above mentioned foreclosure proceeding and that the time of sale was not stated in the notice of sale. At the conclusion of said statement, defendants moved for judgment on the statement and plead-

ings, which motion was sustained and judgment was entered for defendants. From the judgment, plaintiff perfected this appeal.

For reversal plaintiff contends that (1) the notice was so worded and the sale so conducted as to substantially comply with the cited statutes; that (2) defendants waived the giving of a notice. Defendants counter the contentions so made.

Plaintiff asserts that while the hour of the sale was not given in the notice, the sale was conducted at 10 a. m.; that this is the time that such sales are usually conducted; that it is not contended that defendants would have attended the sale had the hour of the sale been stated in the notice and that it does not appear that the sale was held and conducted in a manner that served to prejudice defendants. Plaintiff concludes that there was substantial compliance with the provisions of Sec. 53. We are unable to agree.

■ We are of the opinion that one of the purposes of Sec. 53 relating to giving the time of sale in the notice of foreclosure, is to bring together such a body of purchasers that a fair price will be obtained for the property offered for sale. This purpose, in our opinion, will be defeated where the hour of sale is not stated in the notice. In Jensen v. Andrews, 39 S.D. 104, 163 N. W. 571, 572, this was stated:

"In the case of Fitzpatrick v. Fitzpatrick, 6 R.I. 64, 75 Am.Dec. 681, being a case involving the similar question of a notice of foreclosure sale failing to state the hour of the day at which said sale would be made, the court, among other things, said:

" 'Such a defect defeats the whole purpose of the notice, which, as we view it, is to bring together such a body of purchasers, as by fair competition will insure, as far as this goes, a full price for the subject of sale.'

"To the same effect are the decisions in the following cases: Trustees v. Snell, 19 Ill. 156, 68 Am.Dec. 586; Burr v. Borden, 61 Ill. 392; Bondurant v. Bondurant, 251 Ill. 324, 96 N.E. 306, Ann.Cas.1914D, 18; Hayes v. Pace, 162 N.C. 288, 78 S.E. 290."

The Supreme Court of Tennessee held in Beets v. John R. Jarnagin Motor Co., 180 Tenn. 358, 175 S.W.2d 326, 328, that "The words 'time and place' in a statute mean a statement of the day and hour when and a description of the locality where the event takes place. Peck v. Fair Haven & W. R. Co., 77 Conn. 161, 58 A. 757, 758; Wright v. City of Omaha, 78 Neb. 124, 110 N.W. 754, 755."

It was held in Parks et al. v. Thompson & Wilkerson, 129 Okl. 256, 264 P. 607, 608, that "where a mortgagee of personal property takes possession of the same for the purpose of foreclosing his mortgage and sells the same without a substantial compliance with the statute, he converts the property and his lien on the same is extinguished."

■ We turn to plaintiff's contention which is based upon waiver. Plaintiff points to the provision of the chattel mortgage to the general effect that upon default, plaintiff was entitled to the possession of the automobile and the right to sell it at private sale without notice or at public sale as by law provided. Plaintiff contends "that because of the waiver of notice contained in the mortgage * * * and also because of the defendants' actions in failing to take positive steps to protect their own interest under the notice mailed to them, that they thereby waived the superficial defect, if any, regarding the minute and hour that the sale would take place". Again we are unable to agree.

Plaintiff did not plead nor does it contend that the sale was a private sale. To the contrary, plaintiff pleaded and here admits that the sale was a public sale and that it was conducted pursuant to the notice of sale. It follows that plaintiff contends that the waiver of notice applied to a foreclosure sale as well as a private sale and that inaction on defendants' part shows a waiver of notice.

In J. I. Case Threshing Mach. Co. v. Copren Bros. et al., 32 Cal.App. 194, 162 P. 647, a very similar contention was made by the chattel mortgagee. In that case the mortgagee alleged in his petition that property upon which it held a chattel mortgage was sold at a public sale; that the net proceeds of the sale were less than the balance owing on the obligation secured by the mortgage. The mortgagee sought judgment against the mortgagor for the deficiency.

The evidence showed that if there were a sale it was a public and not a private sale; that the sale was not conducted at the time stated in the notice of sale. The mortgagee argued that this was without significance for the reason that under the provisions of the mortgage it could sell at private sale without notice and that in any event the manner of conducting the sale did not prejudice the mortgagor. In rejecting the contention, the court pointed out that the mortgagee pleaded that the sale was a public sale and that no evidence was introduced which tended to show that the sale was a private sale. After having done so the court had this to say:

"* * * Plaintiff elected to proceed by a public sale and grounded its complaint on such sale. There was evidence tending to show that there was no public sale, and there was no evidence of a private sale. Had the court submitted the case to the jury, they would have been justified in finding that there was no sale at all; that the credit of $500 on the notes was arbitrarily made and in utter disregard of the terms of the mortgage. It is true that defendants would not have bid at the sale had there been a sale; it is true that in the opinion of plaintiff's agent the chattels were not worth more than $500; it is true that one of the defendants testified that the machine was worthless. Still defendants were entitled to have the sale made as advertised, since there may have been other bidders who would have given more than $500 for the property. * * *

But, plaintiff having elected to enforce its rights by public sale, and having brought its action upon the assumption that there was such sale, there was an entire failure of proof. So also was there an entire failure of proof that any sale was made. * * *"

■ In Harrow et ux. v. Metropolitan Life Ins. Co., 285 Mich. 349, 280 N.W. 785, 787, it was said that "a deficiency has been defined as 'that part of a debt which a mortgage was given to secure and not realized from the sale of the mortgaged property.' 1 Bouv. Law Dict., Rawle's 3d Rev., p. 817."

In pointing out the things that must exist before a deficiency under a secured debt exists, this was said in Bailey et al. v. Block et al., 104 Tex. 101, 134 S.W. 323, 325:

"* * * To all of these practices one prominent requirement is common, and that is that the foreclosure sale is to be made, the proceeds applied, and the deficiency thus mathematically ascertained before any proceeding against the property of the debtor, other than that mortgaged, is allowed. This is true whether the fact is to be ascertained by the court as the basis of a deficiency judgment, or by the clerk or referee as the basis of a deficiency execution authorized by the decree of foreclosure. (citing authorities)"

■ In the instant case and for reasons given, plaintiff failed to effect a valid sale or for that matter a sale of the automobile. Since there was no sale there could not be a deficiency. It follows that plaintiff did not have a cause of action against defendants based upon the alleged deficiency and for that reason the trial court did not err in entering judgment for defendants.

For a statement as to acts and conduct on the mortgagors' part which show or fail to show his waiver or ratification of a wrongful sale of mortgaged property, see 14 C.J.S. "Chattel Mortgages" § 397, p. 1048. To our way of thinking, the inaction of defendants

in the instant case wholly fails to show that they ratified plaintiff's purported sale of their automobile.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.