HENRY E. PITKIN ET AL., ADMINISTRATORS, *vs.* THE NEW YORK & NEW ENGLAND RAILROAD COMPANY.

First Judicial District, Hartford, May Term, 1894. ANDREWS, C. J., TORRANCE, FENN, HAMERSLEY and ROBINSON, JS.

A notice of an intention to suffer a default, under chapter 157 of the Public Acts of 1889, is not itself a default, and does not prevent the defendant from thereafter attacking the complaint according to the usual rules of pleading.

A paragraph of a complaint which does not allege any fact essential to the plaintiff's cause of action should be struck out upon written motion.

In an action by the personal representatives of a decedent to recover damages for an injury resulting in his death, if there is no widow, or husband, or lineal descendants, it will, in the absence of averments to the contrary, always be presumed that there are heirs to whom a distribution of the amount recovered can be made in accordance with § 1008 of the General Statutes.

A judgment must accord with the facts alleged as well as with the facts proved; otherwise it is erroneous on the face of the record.

After a hearing in damages upon demurrer overruled, on a complaint charging a negligent injury only, the court permitted the plaintiffs, against the defendant's objection, to amend the complaint by charging a willful and malicious injury, and thereupon rendered judgment for the plaintiffs and assessed damages for the latter injury. *Held* that the allowance of such amendment was error, as the cause of action therein alleged was essentially variant from the one originally set out in the complaint, was one of which the defendant had no notice and no opportunity to answer or defend, and one in respect to which it had not suffered a default, or moved for a hearing in damages.

[Argued May 2d—decided July 9th, 1894.]

ACTION to recover damages for the alleged negligence of the defendant in causing the death of the plaintiff's intestate; brought to the Superior Court in Hartford County and heard in damages to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the plaintiffs to recover $4,000 damages, and appeal by the defendant for alleged errors in the rulings of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*Edward D. Robbins,* for the appellant (defendant).

I. The conduct of Pitkin in continuing, after the approaching locomotive came within his full view, to urge his horse forward up the hill and over the railroad in front of the locomotive, constituted contributory negligence. On the facts of this case as found by the court, it is evident either that Pitkin did not look for a train after his view along the track opened up so as to make it possible to see approaching trains, or that if he did look, he rashly thought he could get over ahead of the train. This state of facts has been held in hundreds of cases to constitute contributory negligence as a matter of law. The rule is so well settled that it seems only

necessary to cite a few of the cases that come first to hand. *Peck* v. *N. Y., N. H. & H. R. R. Co.*, 50 Conn., 379, 392; *Railroad Co.* v. *Houston*, 95 U. S., 697; *Schofield* v. *Chicago R. R. Co.*, 114 U. S., 615; *Tully* v. *Fitchburg R. R. Co.*, 134 Mass., 499; *Aiken* v. *Penn. R. R. Co.*, 130 Penn. St., 380; *Turner* v. *N. Y. C. & H. R. R. Co.*, 124 N. Y., 308.

II. The court erred in holding that Pitkin's contributory negligence was not a defense to this action. In this State even the grossest negligence will not render a defendant liable if the plaintiff's negligence contributed to cause his injury. *Birge* v. *Gardiner*, 19 Conn., 507; *Neal* v. *Gillett*, 23 Conn., 443; *Rowen* v. *N. Y., N. H. & H. R. R. Co.*, 59 Conn., 364.

The complaint did not allege any intent to injure Pitkin or any willful misconduct on the part of the defendant or any of its employees. No such claim was made on the trial. The defendant had no opportunity to adduce evidence upon that issue. On a hearing in damages upon a default or demurrer overruled, if the plaintiff claims more than nominal damages, his proof must follow the allegations in the complaint. *Shephard* v. *N. H. & N. Co.*, 45 Conn., 58; *Rowland* v. *P. W. & B. R. R. Co.*, 63 Conn., 415.

III. The court erred in permitting the plaintiffs to amend their complaint after final judgment.

After the judge had rendered final judgment he had no further jurisdiction of the case.

The new issue raised by this amendment was one on which the defendant had never suffered a default, and upon which the defendant had not been heard and had had no opportunity to introduce evidence. It is not due process of law to decide a case against a party on issues upon which he has had no day in court. It is contrary to both the Constitution of Connecticut and the Constitution of the United States.

The statute permitting amendments of pleadings (Gen. Stat. § 1027) is very liberal, but it provides that the "other party shall have a reasonable time to answer the new pleading." This, of course, implies that the other party is to have a fair opportunity to meet any new issue in the trial. It

would be mockery to say that a party might answer, when the judgment on the issue to be raised by his answer has already been rendered against him.

IV. At common law the present action could not be sustained. It is brought solely by virtue of § 1008 of the General Statutes. This section does not give the administrator any right to bring the action for the benefit of creditors or of the estate generally. He can only bring it for heirs. In order to sustain the action, it must appear in the complaint that there exist heirs for whose benefit the action can be maintained. The last paragraph of the demurrer should have been sustained.

V. The defendant asks this court to determine the questions of fact and of law raised by this appeal, and to render final judgment against it for nominal damages only. If this prayer should not be granted, defendant asks for a new trial.

*George G. Sill* and *John A. Stoughton,* for the appellees (plaintiffs).

I. The demurrer is to the whole complaint, on the ground that it does not appear that there is any person " to whose benefit any damages if recovered would inure."

Two decisions of this court have fixed the law and established the rule governing this class of cases. These decisions hold that "the ground of the damages was not the loss to such relatives by the death, but the injury to the deceased." *Goodsell, Executor,* v. *Hartford & New Haven R. R. Co.,* 33 Conn., 51 ; *McElligott, Admrx.,* v. *Randolph,* 61 Conn., 159.

II. The question raised in the twelfth assignment of error is fully answered in *Palmer* v. *R. R.,* 112 Ind., 225, and other cases, in which the doctrine is stated generally that : " The authorities from the earliest years of the common law recognize the rule that there may be willful wrong without a direct design to do harm."

The court having found on the testimony of the defendant's witnesses that defendant had been guilty of gross, reckless and criminal disregard for human life, it desired a

paragraph added to the complaint stating such facts as showed it. It had no effect on the judgment, for all the facts had been found and amount of damages had been decided upon. In no way has the defendant been injured. It might be struck out as surplusage, and yet the court would have been warranted in finding defendant guilty of gross carelessness.

The Act of 1893 concerning appeals in civil cases was not intended to enlarge the right of appeal, but simply to compel the trial judge to make such a finding as will fairly present the legal questions raised and claimed by the appellant.

ANDREWS, C. J. This was an appeal from a judgment awarding four thousand dollars and costs to the plaintiffs on a hearing in damages after a default.

The plaintiffs are the administrators on the estate of Evelyn R. Pitkin, late of South Windsor, deceased. This suit was brought to recover damages for injuries done to the said deceased by the defendant. The complaint avers that on the 14th day of September, 1889, a train of the defendant came into collision with a horse and wagon driven by and in the possession of the said Evelyn R. Pitkin, at a grade crossing in the town of East Hartford ; that by reason of such collision the vehicle was entirely destroyed, the said Evelyn was thrown a great distance, and received injuries from which, on said day, he died. As the complaint originally stood the only paragraph which set forth any conduct for which damages were claimed was the fifth one, as follows :—

" Said collision occurred by reason of the negligence of the defendant corporation in failing to sound the whistle or ring the bell on said engine while approaching said crossing, and by reason of the great rate of speed at which they were running their train while approaching said crossing, and wholly by reason of the negligence and fault of the said railroad corporation, and without any negligence or fault on the part of the deceased Evelyn R. Pitkin."

The complaint was returned to the Superior Court in Hartford county on the first Tuesday of October, 1890. On the 29th day of November following, the defendant gave notice

of its intention to suffer a default according to the provision of chapter 157 of the Public Acts of 1889. There was afterwards a motion to strike out paragraph four of the complaint, and certain words of the fifth paragraph. There was also a demurrer to the fourth paragraph and to the same words of the fifth paragraph, and to the whole complaint. The motion to strike out was denied and the demurrers were overruled.

It was suggested in the argument before this court that the notice of intention to suffer a default has the same effect upon the pleadings as an actual default, and that the motion to strike out and the demurrers came too late. We cannot agree with this argument. The only effect of the Act of 1889, above cited, is that in a case where a default is suffered and no such notice has been given, the hearing in damages must be by a jury and not by the court. The notice is not itself a default. *Falken* v. *Housatonic R. R.*, 63 Conn., 258.

The motion to strike out the fourth paragraph should have been allowed. That paragraph as it stands does not allege any fact which forms a part of the plaintiffs' cause of action. As there was afterwards a default in the case, this error has become immaterial and may be disregarded. *Vail* v. *Hammond*, 60 Conn., 374. The motion to strike out, so far as it applied to parts of the fifth paragraph, was properly denied. The same may be said in respect to the demurrer to these parts of the complaint.

The demurrer to the whole complaint was properly overruled. In the absence of averments to the contrary it will always be presumed that if there is no widow or husband or lineal descendants, there are heirs to whom a distribution of personal estate can be made according to § 1008 of the General Statutes.

Subsequent to the hearing and argument of the case and, indeed, after the judgment had been rendered, an amendment to the complaint was made and allowed against the objection of the defendant, under circumstances stated in the finding, as follows:—

"After the hearing in damages was concluded and before the judgment was rendered, the court instructed the clerk of the court to notify the plaintiffs that if they desired they would be permitted to amend their complaint as by amendment on file. Immediately after so instructing the clerk the court rendered judgment as on file. The plaintiffs immediately thereafter amended their complaint as on file. The defendant objected to the allowance of this amendment and duly objected to said ruling of the court as on file." The amendment so made was this:—

"Paragraph 6. The defendant, without right or authority, changed said highway crossing from one passing under said railroad to a grade crossing; it constructed the approaches by an incline on each side of said railroad by narrow embankments of nine feet on the surface thereof, and left the same unprotected by railings; the incline on the south side was irregular in its grade, in part five feet in one hundred, and in part eleven feet in one hundred; the defendant erected no warning posts at said crossing, nor did it place planks between the rails or between the tracks, nor did it erect any whistling posts for said crossing; the engineer and fireman on said train saw the deceased before he reached the track and saw the danger which threatened him but no effort was made to warn him of said danger, and did not whistle until within fifty feet of said crossing and of said Evelyn R. Pitkin; and plaintiffs say that by reason of the facts aforesaid the defendant was guilty of willful and intentional neglect and disregard of human life, and that by its recklessness and intentional negligence it caused the death of the said Evelyn R. Pitkin."

The action of the trial court in respect to this amendment, as well as the amendment itself, call attention to other parts of the finding, where the court says: "I find that the engineer was willfully and intentionally careless in not stopping his train when he first saw Pitkin, or taking any means to warn him of the danger or to prevent a collision. * * * I find that the injury resulted from the said negligence of the defendant road, to which the plaintiff did

not contribute in anyway, and I find that the injury was the result of the defendant's willful and intentional disregard of its duty, and its gross, reckless and criminal disregard of human life ; and I so find whether the foregoing facts constitute such crossing a highway crossing or not." In its memorandum of decision the court had said : " I have found that the injury complained of resulted from the willful and intentional negligence of the defendant. If this is a proper deduction to make from the facts in this case, then contributory negligence of the deceased, if in fact it existed, has no place in the case and the plaintiffs are entitled to recover."

These expressions pretty clearly indicate that the trial court perceived that its finding included facts not averred in the complaint, and that as its judgment rested upon such facts the judgment could not be supported unless such other facts should be set forth in the complaint. Hence the suggestion to the counsel for the plaintiffs that the complaint be amended.

The term negligence is used by courts and by text writers with some indefiniteness of meaning. Sometimes it is applied to an act, and sometimes to the consequences of an act, and at other times to an act and its consequences taken together. In the first of these instances the word is correlative to diligence ; in the second to intention. In this sense it is practically synonymous to heedlessness or carelessness—the not taking notice of matters relevant to the business in hand of which notice might and ought to have been taken. Stephen, Criminal Law, Vol. 2, page 123 ; Austin's Jur., Vol. 1, page 440. In civil proceedings, acts—including omissions—apart from their consequences, are indifferent. It is only when an act occasions injury to another that the person doing the act becomes liable in damages to the person injured by the act. In such cases the act and its consequences are blended together and the term negligent injury, or simply negligence, is applied.

It is an essential ingredient of actionable negligence that the injury be the result of inadvertence, or inattention.

Negligence signifies a want of care in the performance of an act, by one having no positive intention to injure the person complaining of it. Where such an intention exists the injury ceases to be merely a negligent one, and becomes one of violence or fraud, *i. e.* a malicious one.

It needs hardly to be stated that a complaint charging a negligent injury is, in its legal sense, a very different thing from one charging a malicious injury. The proof by which the complaint in a case of malicious injury must be sustained must go further than is required in the other. And the defenses by which the charge may be met and repelled are quite different. In a case for negligent injury proof of contributory negligence is a perfect defense; but in a case for a malicious injury that defense cannot be made. Up to the time the judgment was rendered and until the amendment was made the complaint in this case charged only a negligent injury. After the amendment it charged also a malicious one. A judgment must be according to the facts alleged as well as according to the facts proved; otherwise it is erroneous on the face of the record. It was necessary that the charge of a malicious injury be in the complaint, lest the facts which the court had found to be proved and upon which the assessment of damages was predicated, should not be supported by any averments therein contained. The amendment alleged a new and different cause of action from the one that was before charged in the complaint; one of which the defendant had had no notice, to which it had had no opportunity to make answer, upon which it had not been heard, and in respect to which it had not been in default. As this cause of action was considered by the court in the assessment of damages there was error, and a new trial must be had. *Shepard* v. *N. H. & N. Co.*, 45 Conn., 58; *Rowland* v. *P. W. and B. R. R.*, 63 Conn., 415.

It is certainly irregular, and we believe it to be unprecedented, for a court to do what was done in this case, *i. e.* grant authority to a plaintiff to amend his complaint in a material matter after the judgment is rendered. To do so against the objection of the defendant was, as we think,

manifestly erroneous. The reasons given by this court in *Bennett v. Collins*, 52 Conn., 1, why the amendment in that case was erroneous, apply with added force to the amendment made in this case.

There is error and a new trial is granted.

In this opinion the other judges concurred.