JAMES H. PECK *vs.* THE FAIR HAVEN AND WESTVILLE RAILROAD COMPANY.

Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, § 1130, provides that no action to recover damages for an injury to any person, caused by negligence, shall be maintained against railway companies, unless written notice containing a general description of the injury and of the time, place, and cause of its occurrence, as nearly as the same can be ascertained, shall have been given to the defendant within four months after the neglect complained of. *Held* that a notice given by the wife of an injury to her was sufficient to enable her husband to maintain an action for the loss of her services resulting from such injury.

Argued June 8th—decided August 12th, 1904.

ACTION by a husband to recover damages for the loss of the services of his wife caused by the alleged negligence of the defendant, brought to the Superior Court in New Haven County where a demurrer to the complaint was sustained (*Gager, J.*) and judgment rendered for the defendant, from which the plaintiff appealed. *Error, judgment set aside and cause remanded.*

*Talcott H. Russell* and *Edwin S. Thomas,* for the appellant (plaintiff).

*Harry G. Day,* for the appellee (defendant).

HALL, J. The complaint in this action, dated December 18th, 1903, alleges that on the 29th of July, 1903, the plaintiff's wife received personal injuries from the negligent operation by the defendant's servants of its electric cars, which have rendered her incapable of performing her household duties and services in the plaintiff's household, and in consequence of which the plaintiff has lost her society, and has been put to expense in procuring additional service in his household and medical attendance and medicines for his wife.

The complaint further alleges that a written notice containing a general description of the injuries sustained by Mrs. Peck, and of the time, place, and cause of their occurrence, as nearly as the same could be ascertained, was served upon the defendant within four months of the date of the collision, in accordance with § 1130 of the General Statutes.

The notice thus referred to, which appears upon the record and is treated as a part of the complaint, is dated September 16th, 1903, and served September 17th, and is signed " Mrs. James H. Peck, by Edwin S. Thomas, her Attorney." It describes the physical injuries sustained by Mrs. Peck on the 29th of July, 1903, in a collision of the defendant's cars caused by the negligence of the defendant's servants, and the place where the accident occurred, and states that Mrs. Peck intends to claim damages from the defendant for said injuries.

The defendant demurred to the complaint upon the ground that it appeared that no written notice containing a general description of the injury to the plaintiff, and of the time, place and cause of its occurrence, as nearly as the same could be ascertained, was given to the defendant within four months after the neglect complained of. This demurrer was sustained by the trial court, and judgment rendered for the defendant for costs.

The only question raised by the appeal to this court is, whether under § 1130 of the General Statutes the plaintiff can maintain this action without other notice to the defendant than that given by his wife, as above described.

Section 1130, headed, " Four months' notice required in actions against railways," reads as follows : " No action to recover damages for an injury to, or for the death of, any person, or for an injury to personal property, caused by negligence, shall be maintained against any electric, cable, or street railway company, . . . unless written notice containing a general description of the injury and of the time, place and cause of its occurrence, as nearly as the same can be ascertained, shall have been given to the defendant within four months after the neglect complained of, unless the action itself is commenced within said period of four months."

This section does not provide that the notice shall contain a statement of the character or amount of the claim of the injured person for damages, nor that a claim for damages is made, or is intended to be made, nor is it expressly provided that the notice must be given by the injured person. In these respects our statutes requiring notice as a condition precedent to the maintenance of actions against municipalities and railroad companies for injuries caused by their negligence, differ from those of most of the States, the decisions of the courts of which have been cited by counsel.

It is true that the law as originally passed in 1895 and as amended in 1897 (Public Acts of 1895, Chap. 176, id. 1897, Chap. 197) provided that a written notice of a claim for damages should be given. But material changes were made in this law by the Revision of 1902. The words "injury to the property of any person" appearing in the Act of 1897 were changed to "injury to personal property;" and the words "of a claim therefor," that is, for damages, after the words "unless written notice" in the Act of 1897, were wholly omitted in § 1130. These important changes were evidently not made for the purpose of condensation. Written notice of a claim for damages is still required by § 3780 of the General Statutes, before an action can be maintained for an injury to property by fire from an engine of a railroad company. Apparently the omission in § 1130 of the requirement of a notice of a claim for damages was to make the notice required for the maintenance of actions against the described railroad companies conform to that prescribed for the maintenance of actions against municipalities for damages for injuries by defective roads and bridges, which has never in this State been required to contain a notice of a claim for damages. General Statutes, § 2020.

The complaint does not describe a direct injury to the plaintiff's property caused by the defendant's negligent act, but a consequential injury resulting from the direct personal injury to his wife. While, to have enabled the plaintiff to maintain an action against the defendant for an injury to

his horse or wagon occasioned by the same act of negligence which caused the injury to his wife, notice of such injury to his property would have been necessary under § 1130, the provisions of that section requiring a description of the injury sustained, and of the time, place, and cause of its occurrence, are manifestly inapplicable to such consequential injuries or damages, resulting from a direct injury, as the loss of the services of the injured person, or the loss of the money expended for medical attendance in caring for such person. The words of the statute requiring a description in the notice of the " time " and "place " of the occurrence of the injury, mean a statement of the day and hour when, and a description of the locality where, the person injured received the direct injury to his person or property from the defendant's negligent act, as nearly as these facts can be given. The description to be given of the " cause " of the occurrence of the injury is of the alleged negligent act of the defendant, or its servants, which caused the injury, and, " the general description of the injury " required is of the direct or immediate injury to person or property caused by such described act of negligence, and not of consequential damages which have or which may result from such injury.

It is the purpose of this law that the officers of the corporation receiving the notice shall obtain by it such early information regarding the facts required to be described therein, as will enable them to investigate such facts within a reasonable time after their occurrence ; *Shaw* v. *Waterbury*, 46 Conn. 263, 266 ; *Beisiegel* v. *Seymour*, 58 id. 43, 52 ; and " the sufficiency of the notice is to be tested with reference to the purpose for which it is required." *Budd* v. *Meriden Electric R. Co.*, 69 Conn. 272, 285 ; *Breen* v. *Cornwall*, 73 id. 309, 312.

If, in order to maintain the present action—due notice having been given by his wife of her injury—the plaintiff was also required to give the notice provided by § 1130, his notice, had it been given, would have stated only those facts described in the notice given by his wife, and of which facts the defendant had already been duly informed by a written

notice by the person receiving the injury from which the plaintiff's injury resulted.

Considering the real purpose of giving the notice, we see no reason why the statute should be construed as requiring such additional notice to be given to enable a husband to maintain an action for consequential damages resulting from an injury to his wife, of which injury she has already given the required statutory notice. The notice given by Mrs. Peck was sufficient to enable her husband to join with her in maintaining an action for her injury. Had he signed that notice with her it would have been his notice as well as hers. From the relation of husband and wife, and the unity of their interests, we think the plaintiff, for the purpose of recovering consequential damages resulting from the injury to his wife, might properly avail himself of the notice given by her, presumably with his knowledge and approval, and that her notice was sufficient to enable him to maintain this action.

There was error in sustaining the defendant's demurrer. The judgment is set aside and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.