BROWN v. NEW YORK, N. H. & H. R. CO.

(Circuit Court, D. Vermont. March 11, 1905.)

WRONGFUL DEATH—ACTION FOR DAMAGES—SUFFICIENCY OF DECLARATION.

In a suit in the federal court in Vermont for wrongful death occurring in Connecticut, based on the statute of that state, which requires notice of the claim to be given within four months, the declaration is not demurrable because it fails to allege the giving of such notice, since, while such allegation is required by the Connecticut practice, it is not by that of Vermont, by which the court is governed.

At Law. On demurrer to declaration.

James L. Martin, for plaintiff.

Geo. A. Weston, for defendant.

WHEELER, District Judge. This suit was brought in a state court for an injury to the intestate in Connecticut, while employed by the defendant, resulting in death. The defendant removed it to this court, and has demurred to the declaration, and set down specially the want of allegation of notice within four months, under the Connecticut statutes. According to Peck v. Fair Haven & W. Railroad Co., 77 Conn. 161, 58 Atl. 757, the want of such allegation may by the practice there be taken advantage of by demurrer in this manner. But by the statutes of the United States (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]) the forms and modes of procedure in the United States courts must conform to those of the state in which the court sits. Such a notice by similar language is required to be given in highway cases in this state (V. S. 3492); but in the procedure of the state courts it need not be alleged. Kent v. Lincoln, 32 Vt. 591; Matthie v. Barton, 40 Vt. 286. Therefore in the state court where this suit was brought, and in this court to which it has been removed, the allegation of notice is not necessary, and the want of it is not a good cause of demurrer.

The want of domicile of the intestate in Vermont is suggested in argument; but letters of administration from a proper probate court appear, which are prima facie sufficient.

It is also suggested that, as the injury was received by the intestate in the employment of the defendant about running trains, it must have been caused by the negligence of a fellow servant of the intestate, for which the defendant would not be liable. But the declaration alleges that the injury was done by the defendant itself, which implies a competent agency, however it may turn out to be on the proof.

As the case now stands upon the demurrer, which admits everything well pleaded, the declaration must be adjudged sufficient.

Demurrer overruled.