THOMAS CRONAN *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, Bridgeport, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The provisions of General Statutes, § 1130, which require written notice of an injury caused by negligence to the person or personal property of the plaintiff, including the time, place and cause of its occurrence, to be given to electric and other railway companies before an action therefor can be maintained against them (unless the action itself be brought within four months after the alleged neglect), do not apply to an injury to the relative rights of a husband whereby he suffers the loss of the society and services of his wife.

Argued October 27th—decided December 17th, 1909.

ACTION by a husband to recover for loss of the services and society of his wife, who was alleged to have been injured through the negligence of the defendant, brought to the Court of Common Pleas in New Haven County where a demurrer to the complaint was overruled (*Wolfe, J.*) and the cause was afterward tried to the court, *Simpson, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Harry G. Day* and *Thomas M. Steele*, for the appellant (defendant).

*Walter J. Walsh*, for the appellee (plaintiff).

PRENTICE, J. This action is brought to recover for the loss and damage sustained by a husband, as such, in being deprived of the society, comfort, and services of his wife, and in being compelled to expend moneys for her cure, owing to personal injuries received by her while a passenger upon one of the defendant's trains, through the fault of its servants.

When it was brought, more than four months had elapsed since the accident. The complaint alleged that a written notice of the injury to the wife, such as is described in § 1130 of the General Statutes, was given to the defendant during the four months. Upon disclosure it appeared that the notice thus referred to, and the only notice claimed to have been given, was such as was contained in a complaint served upon the defendant in an action brought by the wife to recover for her personal injuries. The defendant thereupon demurred to the complaint, for the reason that it disclosed a failure to comply with the requirements of said section, and that without such compliance the action was not well brought. The only questions presented by the appeal are those involved in the overruling of this demurrer.

The section of the statute in question requires the giving of a prescribed notice within a prescribed time as a condition precedent to actions of a prescribed character begun after that time. Its provisions are limited in their application to actions founded upon negligence, and they, by its terms, must be actions for injuries to, or the death of, a person, or for an injury to personal property. The scope of these provisions was under review in *Peck* v. *Fair Haven & W. R. Co.*, 77 Conn. 161, 163, 58 Atl. 757, and we there said that they were not sufficiently comprehensive to embrace injuries to a relative right. We see no occasion to revise our opinion as then expressed.

There is no error.

In this opinion the other judges concurred.