MARQUIS L. SHARKEY ET UX. *vs.* TRUMAN S. SKILTON.

First Judicial District, Hartford, October Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A complaint by a husband and wife alleged that the defendant, while operating an automobile on the highway, disregarded the signal to stop given by the plaintiffs in order to allow their frightened horses to pass, and "wilfully and unlawfully" continued to propel his car without reducing its speed or its noise, in consequence of which the horses bolted, the wife was thrown out and seriously injured, and the husband was deprived of her services and companionship and obliged to spend money to effect her cure. *Held:—*

1. That the allegations set forth a cause of action for negligence within the meaning of chapter 149 of the Public Acts of 1903, providing that no action to recover damages for injury to the person, or for an injury to personal property caused by negligence, should be brought but within one year from the date of the injury or neglect complained of; and that the action, not having been brought within that time was therefore barred.

2. That the injury to the relative right of the husband, resulting in the loss of his wife's services and companionship, was also covered by the statute.

Negligence involves the violation of the legal duty of exercising care for the safety of the person or property of another. It may result from omission or commission, from pure inadvertence or from voluntary action. It may be characterized by heedlessness or by a persistence in ill-chosen conduct; but whatever its form or degree, it is something quite apart from wilful or malicious injury, the distinctive element

of which is the design to injure, either actually entertained or implied from conduct and circumstances.

The usual, common-law measure or standard of duty is ordinary care under the circumstances. The legislature, however, may require a prescribed course of conduct under given conditions as an essential requisite of ordinary care, and thus establish an arbitrary standard. But however the standard may be defined, whether by common-law principles or by legislation, the cause of action which arises from a breach of the duty is the same.

The word "injury" in the statute (chapter 149 of the Public Acts of 1903), was not used in its technical, legal sense, as a violation of another's right, but in its more common, popular signification of "hurt" or "harm."

A demurrer to the complaint is not the proper way in which to take advantage of the statute of limitation in an action to recover damages for personal injuries.

Argued October 4th—decided November 1st, 1910.

ACTION by a husband and wife to recover damages for personal injuries sustained by her and for the consequential injury to him through the loss of her services and society, alleged to have been caused by the wilful and unlawful acts of the defendant, brought to the Superior Court in Litchfield County and tried to the court, *Gager, J.,* upon a demurrer to the complaint; the court sustained the demurrer and rendered judgment for the defendant, from which the plaintiffs appealed. *No error.*

The complaint alleges that while the plaintiff wife was on August 28th, 1908, riding along the highway in a surrey drawn by two horses of ordinary gentleness, and driven by one Judd, the defendant approached from the opposite direction in his automobile, which he was then operating, and which emitted sounds and noises calculated to frighten horses of ordinary gentleness; that these noises and the appearance of the machine caused the horses to become frightened as the two vehicles approached each other; that thereupon Judd signaled to the defendant to stop; that the defendant,

disregarding this signal, "wilfully and unlawfully continued with said automobile, passing said horses and wagon, without reducing the speed or noise thereof, and without bringing said automobile, and the motor or other power propelling the same, immediately to a stop, thereby causing said horses to become more frightened"; that getting beyond the control of the driver they bolted and whirled suddenly into the ditch just as the automobile was passing, upsetting the wagon and throwing Mrs. Sharkey to the ground and dragging her along; that this was the result of the aforesaid wilful and unlawful conduct of the defendant, and without fault or negligence on her part or that of Judd; that Mrs. Sharkey thereby sustained personal injuries which occasioned her severe pain and physical disability for a considerable period of time, and her husband the loss of her services and society and the expenditure of a large sum in her care and cure.

The writ was issued September 21st, 1909, and served October 13th, 1909.

The defendant demurred upon the ground that the cause of action set up did not accrue within one year next before the commencement of the action.

*George A. Sanford,* for the appellants (plaintiffs).

*Samuel A. Herman,* for the appellee (defendant).

PRENTICE, J. Counsel direct our attention to but two questions as being presented by this record. One is as to whether or not the cause of action set up in the complaint is one founded upon negligence. Section 1119 of the General Statutes as amended by chapter 149 of the Public Acts of 1903, p. 114, provides that "no action to recover damages for injury to the person, or for an injury to personal property caused by negli-

gence, shall be brought but within one year from the date of the injury or neglect complained of." It is conceded that if the plaintiffs' action as defined by the complaint is, within the definition of the statute, one to recover damages for injuries caused by negligence, it was not seasonably brought, and we are asked to determine that question.

The charge, as applied to the conduct of the defendant alleged to have caused Mrs. Sharkey's injury, is, in substance, that the defendant was operating his automobile in the highway with such an accompaniment of sound and noise as was calculated to frighten horses of ordinary gentleness; that, while so operating it, he approached, traveling in the opposite direction, a carriage drawn by horses in which the plaintiff wife was riding; that the horses became frightened by the noise produced by the defendant's machine and its appearance; that the defendant, being signaled by the driver of the horses to stop, disregarded the signal, and "wilfully and unlawfully" continued on his way without reducing the speed or noise of his machine, and without bringing it or its motive power to a stop. It is further alleged that as the result of this wilful and unlawful conduct Mrs. Sharkey was injured.

The charge that this conduct of the defendant was wilful and unlawful is one which is not merely reiterative. It expresses two characterizations which involve the application of distinctly different legal principles, and call for separate consideration.

In respect to the charge of wilfulness, it is to be observed that there is no averment of a wilful or malicious injury. The allegation is, that following the giving of the signal the defendant wilfully and unlawfully continued on his course without reducing the speed or noise of his machine, and without bringing it and its motive power to a stop. A wilful act is one done

subject to the volition and will of the doer, and intentionally. The charge against the defendant, therefore, is that he intentionally and of his own will went ahead at unreduced speed, instead of promptly stopping his car and its motor. Wilful conduct is undoubtedly here imputed to the defendant. But there is an entire absence of averment of a design to do injury. A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. *Pitkin* v. *New York & N. E. R. Co.*, 64 Conn. 482, 490, 30 Atl. 772; *Tuttle* v. *Bishop*, 30 Conn. 80, 85; *Chicago & E. I. R. Co.* v. *Hedges*, 105 Ind. 398, 7 N. E. 801; *Birmingham Ry. & Elec. Co.* v. *Bowers*, 110 Ala. 328, 20 So. 345. This complaint is barren of a suggestion of a design, actual or constructive, on the part of the defendant that his conduct should cause harm. The extent of the charge is that the defendant took a course of action voluntarily and intentionally which led to harmful results. That falls far short of alleging that the harm which actually resulted was within the contemplation of the wrongdoer.

The gist of the averments, in so far as wilfulness is charged, is that the defendant was guilty of a failure in duty in the matter of care as related to the safety of Mrs. Sharkey, with consequent injury to her and her husband; that is, that the defendant was guilty of actionable negligence. Negligence may take on a variety of forms, and partake of all manner of degrees. The shortcoming may be slight, or it may be a grievous one. It may result from omission or from commission; from pure inadvertence or from voluntary action. It may be characterized by heedlessness, or by a persistence in ill-chosen conduct. But whatever its form or its degree, it is something quite apart from wilful or malicious injury, whose characteristic element is the design to injure, either actually entertained or to be

implied from the conduct and circumstances. *Pitkin* v. *New York & N. E. R. Co.*, 64 Conn. 482, 490, 30 Atl. 772.

The charge of unlawfulness is one which was undoubtedly made to indicate that the pleader relied upon the fact that the defendant's recited conduct was in violation of the provisions of § 12 of chapter 221 of the Public Acts of 1907. The language used by him in this connection is almost literally that embodied in the statute to prescribe an automobilist's duty. If the allegation is to be taken in any other sense, or for any other purpose, it is clear that the charge would be nothing other than negligence. The result is not different, if it is to be taken as averring nonconformity with statutory requirements.

Negligence involves the violation of a legal duty which one owes to another, in respect to care for the safety of the person or property of that other. 1 Thompson on Neg. § 3. That duty may be assumed by contract, or arise from the circumstances or the relation of the parties. Common-law principles prescribe the usual measure of it, to wit, ordinary care under the circumstances. We have stated this to be that degree of care under given circumstances which a person of ordinary prudence would exercise under similar circumstances. *Stedman* v. *O'Neil*, 82 Conn. 199, 205, 206, 72 Atl. 923; *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 248, 21 Atl. 675, 22 Atl. 544. But it is competent for legislative authority to determine that a defined course of conduct under given conditions is an essential requisite of ordinary care under those conditions, and to so prescribe, thus establishing an arbitrary standard for the test of conduct as related to due care; and this has been done repeatedly. The statutory regulation referred to is an example of such action. But whether the standard to be applied is

that of the common law or some other standard established by legislation, failure to conform to the standard constitutes negligent conduct, and when injury results, there is actionable negligence. The cause of action which arises for the injury from the breach of duty, is the same whether that duty is defined by common-law principles or by legislative enactment. *Monroe* v. *Hartford Street Ry. Co.*, 76 Conn. 201, 206, 207, 56 Atl. 498; *Broschart* v. *Tuttle*, 59 Conn. 1, 20, 21 Atl. 925. The court did not err in holding that the action was one to recover for injuries caused by negligence.

The second question arises from the plaintiff husband's claim that, although the injuries for which recovery is sought are alleged to have been caused by the defendant's negligence, the injury for which he seeks recovery in his own right is not within the statute, for the reason that it is one to his relative rights, and not one to either person or personal property.

Upon the allegations, the defendant's tortious act resulted in direct loss and damage to the wife, who was the immediate sufferer, and indirect loss and damage to the husband. Both harmful results had their efficient cause in the injury, using that word in its ordinary sense, directly done to the wife. The action seeks the recovery of the damages thus directly and indirectly occasioned, and none other. A common use of the word "for" is as a synonym for "by reason of," "because of," "on account of." That is evidently the sense in which it is employed in the statute, so that its proper interpretation is: "No action to recover damages by reason of injury to the person" etc.

An injury, legally and technically speaking, signifies a wrong done to a person, or, in other words, a violation of his right. *Parker* v. *Griswold*, 17 Conn. 288,

303, 304. Manifestly the word is not used in this strict technical sense in the statute before us. If so, it was improperly used in its connection with personal property. The legal injury, in the case of harm done to personal property, is to its owner and not to it. It is his right which has been violated. Evidently the statute has employed the term in its more ordinary sense, which has in view the immediate hurt; and its qualification by the words "to the person" and "to personal property" is manifestly made for the purpose of indicating the object of the hurt, rather than the subject of the legal *injuria*. Reading the statute in this way, it becomes clear that the legislature did not intend to make the distinction between rights of action for harm done to person and personal property, and those for damage thereby resulting to relative rights, for which the plaintiff contends. We are unable to discover any reason for such a distinction, and the statute in its language furnishes no occasion for recognizing it. In *Peck* v. *Fair Haven & W. R. Co.*, 77 Conn. 161, 58 Atl. 757, subsequently affirmed in *Cronan* v. *New York, N. H. & H. R. Co.*, 82 Conn. 511, 74 Atl. 881, we had occasion to discuss somewhat related questions, and to notice considerations distinctly pertinent here. Those cases assumed that actions to recover damages for an injury to the person included those brought by a husband to recover for his loss resulting from harm done to his wife.

It is apparent from the decision in *Bulkley* v. *Norwich & W. R. Co.*, 81 Conn. 284, 70 Atl. 1021, that the demurrer was not well pleaded. No claim, however, based upon the proposition there enunciated was in this case made in the trial court or before us, and none is in the record. It may, therefore, be properly considered as waived, as counsel apparently desire that it should be, judging from their statements when the

matter was called to their attention during the argument.

There is no error.

In this opinion the other judges concurred.