## CATHERINE A. BOARDMAN
vs.
## C. CHARLES BURLINGAME, ET AL.

Superior Court     Hartford County     File #53789

Present: Hon. ERNEST A. INGLIS, Judge.

Wells, Davis, Schaefer & Locke, Attorneys for the Plaintiff.

Robinson, Robinson & Cole,    Attorneys for the Defendants.

**MEMORANDUM FILED NOVEMBER 4, 1936.**

INGLIS, J. The gist of this demurrer is that the cause of action stated in the complaint is barred by the statutes of limitation. Upon argument it was suggested that there was a substantial doubt as to whether this question could be raised properly by demurrer. Thereupon the parties agreed that the complaint set up all the facts which could be set up as bearing on the question and that both parties desired that the question be decided upon the demurrer. It therefore is proper to pass upon the question which has been raised even though it may not have been properly raised.

**Sharkey vs. Skilton, 83 Conn., 503, 510.**

In connection with the revision of the various statutes of limitation which was made in 1935 it was provided **(Cum.**

**Supp., Sec. 1683c)** that the new statutes would apply to actions started after July 1, 1935 except that they should not reduce the time in which such actions might have been brought under the preexisting statutes to a period less than one year from July 1, 1935.

The cause of action stated in the complaint clearly arose in 1932. This action was started on May 21, 1936. The question clearly therefore is as to whether the cause of action stated is one which under the statutes as they were prior to July 1, 1935 would have been outlawed before May 21, 1936.

There are three such statutes to which counsel have called attention. One is **Section 6006 of the General Statutes,** which outlaws in six years actions founded upon tort unaccompanied with force and where the injury is consequential. The second is **Section 6011** which limits actions for trespass to the person or property to three years. And the third is **Section 6015** which bars actions to recover damages for injury to the person, or for injuries to personal property caused by negligence, after one year. This last section of course must be read in the light of the interpretation made of it in **Tuohey vs. Martinjak, 119 Conn., 500,** which holds that the section covers all cases of injury to the person whether caused by negligence or some other tort.

A careful reading of the complaint in this action reveals that the cause of action stated is one for fraud and deceit. It is alleged that the defendants fraudulently deceived the plaintiff as to her legal rights as a result of which deceit she, relying on it, signed a voluntary commitment to the retreat maintained by the defendants and submitted to being confined therein. It is further alleged that later the defendants fraudulently concealed from the plaintiff that her release might be accomplished by her giving ten days written notice of her desire to leave and made other false and fraudulent representations to her that efforts on her part to leave the retreat would result in notoriety and humiliation. As a result of that she remained in the retreat from July 7, 1932 until December 19, 1932. It is nowhere alleged that the plaintiff was restrained in the retreat by force. It is not alleged that she suffered any physical injury to her person.

It is clear therefore that the wrong and injury complained of is fraud and deceit. The damage suffered, that is her con-

finement, resulted from that wrong. In other words the cause of action is for fraud and deceit and the damages alleged are not direct but are consequential.

That being the case the cause of action is not one for damages for injury to the person as that phrase is used in **Section 6015 of the General Statutes.** That section may well be reconciled with the provisions of **Section 6006** by interpreting the phrase "injury to the person" as meaning physical injury to the person. That on the whole is a more sensible interpretation than one which would include all violation of personal rights as distinguished from property rights. And if the former is the correct interpretation it is clear that this action is not within **Section 6015** because the plaintiff does not claim any physical injury to her person.

Also this is not a cause of action for trespass because a trespass presupposes the use of force. No force as against this plaintiff is alleged. It is not an action for false imprisonment in the strict sense of the word because the plaintiff was not restrained by force nor the threat of force. She was prevailed upon to remain in the retreat by fraud and deceit. For that reason **Section 6011 of the General Statutes** does not apply.

On the other hand, inasmuch as the wrong complained of is fraud and deceit and the damages alleged are such as flow from that indirectly the case comes squarely within **Section 6006.** It is a cause of action for a tort without force where the damages are consequential. That being the case the cause of action would not have been barred by the present statutes of limitation until July 1, 1936.

For the foregoing reasons the demurrer is overruled.