## WALTER EASINSKI
### vs.
## CITY OF HARTFORD, ET AL.

Superior Court          Hartford County          File #56154

MEMORANDUM FILED MAY 28, 1938.

J. Oscar Levine, of New Haven, for the Plaintiff.

Vincent W. Dennis, of Hartford; Harold Borden, of Hartford; Edward R. Brumley, of New Haven, for the Defendants.

CORNELL, J. The defendants, Loomis, et al., are trustees of the New York, New Haven & Hartford Railroad Company in reorganization in the Federal District Court for the District of Connecticut.

The complaint alleges that the plaintiff was injured, because, while sitting on a fence erected on property of the defendant railroad adjoining a public highway, he fell and was precipitated to the tracks of the railroad some 40 feet below. The legal wrong, upon which the plaintiff predicates a right of recovery, is described as the creation and maintenance of a nuisance consisting of a condition, "the natural tendency of which . . . was to create danger to or inflict injury on pedestrians and other users of the highway . . ."

In paragraph 3 of their answer, the defendants, trustees, allege that the plaintiff failed to give the defendants any written notice descriptive of the injury or the time, place and cause of its occurrence within six months next thereafter. The plaintiff, sensing this to be an invocation of the provisions of section 1684c of the Cumulative Supplement to the General Statutes (1935), demurs to this defense, assigning as his reason therefor that since the cause of action is based upon a nuisance created and maintained by the defendant railroad company, no written notice under the statute was required to be given.

The portion of the statute material to the issue raised reads as follows: "No action to recover damages for an injury to or the death of any person, or for injury to personal property, *caused by negligence,* shall be maintained against any electric, cable or street railway company, any steam railroad company, any electric light and power company, any gas company . . . unless written notice, containing a general description of the injury and of the time, place and cause of its occurrence . . . shall have been given to the defendant within six months after the neglect complained of, unless the action itself shall have been commenced within six months . . ." Compliance with the quoted provision of this statute is a condition precedent to the maintenance of an action based upon the wrongful conduct with which it deals. *Cronan vs. N. Y., N. H. & H. R. R. Co.,* 82 Conn. 511, 512. Speaking of the operative scope of the act, it has been said: "Its provisions are limited in their application to actions founded upon *negligence,*

and they, by its terms, must be actions for injuries to, or the death of, a person, or for an injury to personal property." *Cronan vs. N. Y., N. H. & H. R. R. Co., supra,* 512. The question here, is, therefore, is an injury caused by such a nuisance as the complaint describes, one emanating from "negligence" as the latter term is employed in the statute?

As comparatively recent pronouncements attest, nuisances are of two characters, viz.: (1) those which consist of conditions which are inherently or intrinsically dangerous—denominated "absolute" or nuisances as a matter of law; and (2) those which arise from conditions, the natural tendency of which is to present danger and inflict injury upon person or property. *Stoto vs. Waterbury,* 119 Conn. 14; *Gipstein vs. Kirshenbaum,* 118 id. 681; *Andrews vs. Bristol,* 120 id. 499, 502; *Hoffman vs. Bristol,* 113 id. 386, 389. Whether an action lies for injuries caused by those of the first of these characters in the absence of such a notice as is required by the statute in question or suit commenced within the period therein prescribed, it is not necessary to inquire, for the nuisance described in the complaint is one of fact. Palpably a nuisance of this species may arise from negligence (*Stoto vs. Waterbury, supra,* 17; *Hoffman vs. Bristol, supra,* 389), whether in the act or conduct creating it (*Stoto vs. Waterbury, supra,* 17), or from a failure to repair or remove that characteristic of the condition which makes it dangerous after it has come into existence (*Gipstein vs. Kirshenbaum, supra,* 685). In either case if the nuisance results from and owes continuance to negligence, its existence is referable to the breach of legal duty which all negligence implies. Indeed, there are cases in which the facts would support an action either in negligence or in nuisance. *Stoto vs. Waterbury, supra,* 18.

It is hardly to be inferred that the word "negligence" is employed in a narrow classical, technical or academic sense. More consonant, it would seem, with the purpose of the statute, would it be to say that the term is used to comprehend, not merely a single act of negligence, but, also continued negligent conduct and all the perils which proximately result from it. Within the latter category are placed nuisances as a matter of fact which obviously may be the product of negligence. *Stoto vs. Waterbury, supra.* In this view a nuisance as matter of fact caused by negligence is within the operative scope of the statute. Should the proof develop such to be the case

here, then the defense alleged in the third paragraph of the answer would be a sufficient one. The demurrer must, in consequence, be overruled on both grounds.