[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 7332
On August 20, 1992, the plaintiff, Dr. Carol A. Ford, filed a two count revised complaint against the defendants, William Sherman and the Board of Trustees of Connecticut state University ("Board"). In the first count, directed to Sherman, the plaintiff alleges a defamation claim. In the second count, directed to the Board, the plaintiff alleges that Sherman was an agent and/or servant of the Board at the time he spoke the defamatory words, and that those words were uttered while Sherman was acting in his capacity as an employee of the Board and within the scope of his employment.
On August 25, 1992, the defendants filed a motion to dismiss the second count of the plaintiff's revised complaint, accompanied by a memorandum of law, on the ground that the court lacks subject matter jurisdiction over that count because it is barred by sovereign immunity. Also on August 25, 1992, the defendants filed a motion to strike the second count of the plaintiff's revised complaint, accompanied by a memorandum of law in support of the motion in which the defendants assert that the state cannot be held liable under General Statutes 4-165
for Sherman's alleged defamatory statements because, as a matter of law, speaking defamatory words constitutes wanton, reckless or malicious conduct which cannot be considered to be within the scope of a state employee's employment.
On April 23, 1993, the plaintiff filed a memorandum in opposition to the defendants' motion to dismiss. By memorandum of decision filed May 4, 1993, the court, Allen, J., denied the defendants' motion to dismiss.
On June 10, 1993, the plaintiff filed a memorandum in opposition to the defendants' motion to strike the second count. The plaintiff asserts in her memorandum that the determination of whether speaking defamatory words constitutes wanton, reckless or wilful conduct is not a legal determination but a factual determination which cannot be resolved on a motion to strike.
In the motion to strike, the defendants merely state that they move this court for an order striking the second count of the plaintiff's revised complaint on the ground that it "fails to state a claim against defendant [Board] upon which relief can be granted." It should be noted that the defendants' motion CT Page 7333 does not comply with Practice Book 154, which requires that the defendants "separately set forth each . . . claim of insufficiency" and "specify the reason or reasons for each . . . claimed insufficiency" in the motion itself. Practice Book 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of 154 that the reasons for the claimed pleading deficiency be specified in the motion itself. (citation omitted.) Morris v. Hartford Courant Co., 200 Conn. 676, 683 n. 5, 513 A.2d 66
(1986). Because the defendants did not specify the distinct reasons for the claimed insufficiency of the second count, the defendants' motion is "fatally defective." See Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4, 594 A.2d 1 (1991); Morris v. Hartford Courant Co., supra. Nevertheless, because the plaintiff has not objected to the form of the motion to strike, and because Practice Book 154 is nonjurisdictional in nature, the court may consider the motion in the form presented. See Bouchard v. People's Bank, supra; Morris v. Hartford Courant Co., supra; see also CNB v. Alliance Petroleum, 6 Conn. L. Rptr, 527, 531 n. 3 (June 9, 1992, Hennessey, J.).
A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152. A motion to strike admits all facts well pleaded; Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989); but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding a motion to strike, the court is limited to the facts alleged in the pleading which is the subject of the motion to strike; Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988); and must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman v. Groton, supra, 146.
General Statutes 4-165 provides, in relevant part, "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." General Statutes 5-141d(a) provides that the state
 shall save harmelss [harmless] and indemnify any state officer or employee from financial loss and expense arising out of any claim, demand, suit or judgment by reason of his CT Page 7334 alleged negligence or alleged deprivation of any person's civil rights or other act or omission resulting in damage or injury, if the officer [or] employee . . . is found to have been acting in the discharge of his duties or within the scope of his employment and such act or omission is found not to have been wanton, reckless or malicious.
The defendants argue that "speaking defamatory words, knowing that the words are false and defamatory constitutes wilful, malicious or wanton conduct as those words are defined under Connecticut law, and as such, such conduct cannot be . . . within the scope of [Sherman's] employment, and the [Board] or the state cannot be legally liable for them." (Defendants' memorandum, p. 4). The defendants cite the case of Markey v. Santangelo, 195 Conn. 76, 78, 485 A.2d 13-5 (1985), for their premise that wilful or malicious conduct imports intent. In Markey, the court stated that "`[a] wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. . . .'" Id., quoting Sharkey v. Skilton, 83 Conn. 503,507-08, 77 A. 950 (1910).
It is noted, however, that the defendants have provided no authority for their contention that the utterance of defamatory words, knowing that the words are false, constitutes wanton, reckless or malicious conduct as a matter of law. It is true that while wanton or malicious conduct may connote intent, intentional conduct in many circumstances does not necessarily require wantonness, recklessness or malice.
"Broadly speaking, `defamation' is an attack on the reputation of another, that is to say, the unprivileged publication of false statements which naturally and proximately result in injury to another. The term is used to connote fault in the context of broadcasting an alleged insult." 53 C.J.S. Libel and Slander, 2 (1987, as updated to 1992). To create liability for defamation there must be:
(a) a false and defamatory statement concerning another;
(b) an unprivileged publication to a third party;
 (c) fault amounting to at least negligence on the part of the publisher, and; CT Page 7335
 (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.
(Emphasis added.) 3 Restatement (Second), Torts 558.
 One who publishes a false and defamatory communication concerning a private person, or concerning a public official or public figure in relation to a purely private matter not affecting his conduct, fitness or role in his public capacity, is subject to liability if, but only if, he
 (a) knows that the statement is false and that it defames the other,
(b) acts in reckless disregard of these matters, or
(c) acts negligently in failing to ascertain them.
3 Restatement (Second), Torts 580B.
In defamation actions, the standard of fault applicable to "private individuals" merely requires the plaintiff to prove a negligent misstatement of fact. Miles v. Perry, 11 Conn. App. 584,588, 529 A.2d 199 (1987); see Rosenblatt v. Baer, 383 U.S. 75,84, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966). If the plaintiff is a public figure, she must prove actual malice, but if the plaintiff is a private individual, she need only prove negligence in the failure to investigate the facts properly prior to publication. Miles v. Perry, supra, 558-89.
It is found that the factual allegations of the second count do not necessarily imply any wanton, reckless or malicious conduct on the part of Sherman so as to impose personal liability on Sherman and preclude liability on the part of the state under General Statutes 4-165. When the complaint is viewed in the light most favorable to the plaintiff, the plaintiff has alleged in the second count that Sherman uttered the defamatory words while an employee acting with in the scope of his employment. While the plaintiff alleges that Sherman neither believed nor had a reasonable belief that the words were true, this factual allegation alone does not imply nor rise to a CT Page 7336 claim that Sherman was acting wantonly, recklessly or maliciously. Plaintiff's allegation that Sherman did not have a "reasonable belief" that the words were true would permit a finding that Sherman negligently uttered the defamatory words.
The issue of whether the negligent conduct alleged on the part of the defendant Sherman can result in liability in view of the immunity provisions of C.G.S. 4-165 has not been raised by either party and is not decided herein.
For the foregoing reasons, the Motion to Strike is denied.
Koletsky, J.