[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A complaint dated May 16, 1996, the plaintiff initiated this lawsuit against the defendant, wherein she seeks to recover damages for personal injuries she allegedly sustained on June 22, 1995 at an alleged incident that occurred at their place of employment. Both parties are employed by the State of Connecticut. The plaintiff filed an Amended Complaint and, in addition to the initial request for relief and allegations, she claimed loss of income and requested punitive damages.
The defendant's Amended Answer included a Special Defense and in reply to such Special Defense, the defendant has admitted that at all times, herein, the plaintiff was an employee of the State of Connecticut, and the defendant was an employee of the State of Connecticut. Further, any alleged injuries suffered by the plaintiff arose out of and the course of the plaintiff's employment with the State of Connecticut. It is further admitted, that at all times mentioned in the Complaint, the defendant, Andrew DiSilvestro, was in the course of discharging his duty as head nurse when the scope of his employment with the State of Connecticut. This Special Defense asserts the provisions of Connecticut General Statutes § 4-165 to wit; sovereign immunity and protection from personal liability for the defendant.
Based upon the relevant, credible and admissible evidence offered during the course of this trial, the court makes the following findings of fact and conclusions of law.
On the day in question, there had been two patient incidents referred to as "all available alert". This means that there had been a patient disturbance and that all available hands were to respond to the emergency. At the conclusion of the second one, CT Page 3998 the plaintiff went to a staff room to get some towels and plastic bags as she had been directed by a staff nurse. In said room there was a confrontation between the plaintiff and the defendant, who was a nursing supervisor from another floor but who had responded appropriately to the alert. Present in the room was a witness Marcia Davis who described the confrontation between the plaintiff and the defendant as face-to-face. The plaintiff raised her right hand and the defendant grabbed it. Both the plaintiff and the defendant were upset and both were talking at once. The defendant did not strike the plaintiff and did not touch her in any other way than grabbing her wrist.
The plaintiff made immediate claims to another supervisor that the defendant had assaulted her and she became very emotional. She became extremely upset that anyone including the defendant had touched her in any way when they had no right to do so.
The plaintiff claims that she has sustained various injuries and had a Workers Compensation claim pending until it was apparently withdrawn during the course of this trial. She claims that she suffered a red mark on her wrist and makes some claims as to neck and back injuries, which were not sustained by the evidence.
In addition, she claims to suffer from posttraumatic stress syndrome which claim this court finds unsupported by the evidence. The plaintiff has failed in her burden of establishing this claim and the court finds most credible the medical testimony offered by the defendant's expert Dr. Morgan.
The plaintiff claims that the acts of the defendant, Andrew DiSilvestro, were allegedly caused the plaintiff injuries were wanton, reckless or malicious. This court disagrees.
There is no prior history of any sort of stressful relationship or interaction between these two parties except years before when he was a cab driver and they very amicably settled a question that arose between them as a result of the actions of the plaintiffs son in taking some money from the defendant. Actions that are wanton, reckless or malicious generally arise from those actions that inflict injuries intentionally or by design. Willfulness and malice alike import an intent to commit such actions. The character, and elements of such actions are the intent to injure either actually entertained CT Page 3999 or to be implied from the conduct and circumstances. Sharkey v.Skilton, 83 Conn. 503, 507 (1923). The acts of the defendant in question were not serious and preceded by an intent to injure, but was spontaneous and of a minor nature.
The consideration of all the credible evidence, this court cannot conclude that the actions of the defendant have been established by a fair preponderance of the evidence to have been wanton, malicious or reckless. This was a spur of the moment confrontation between two fellow employees who became highly emotional at the moment of the incident. There had been no prior confrontation between the parties and there is nothing set forth in the evidence to underlie a finding that there was any design or pre-thought plan of the defendant to confront and or harm the plaintiff in any way. As the witness Marcia Davis said they went nose-to-nose in a very short period of time, the incident was over and done with very quickly and there was no striking between the parties.
Connecticut General Statutes § 4-165 reads, impart:
 "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter."
Further, Connecticut General Statutes § 4-141 reads, impart:
 "State officers or employees includes every person . . ., employed in any office, position or post in the state government, whatever his title, classification or function. . . ."
This court concludes that on June 22, 1995, the defendant was a state employee and that he was acting within the scope of his employment with the State of Connecticut. It is further concluded that any damages or injuries allegedly sustained by the plaintiff were not the result of any wanton, reckless or malicious conduct of the defendant.
The plaintiff has failed to meet her burden of proving wilful, wanton or malicious acts by the defendant without just CT Page 4000 cause or excuse and has not established or alleged proof of a wilful intent by the defendant to cause the resulting injuries.
Accordingly, the court finds that the allegations of the defendant's Special Defense have been appropriately established and that under the provisions of Connecticut General Statutes § 4-165, this defendant is not personally liable to this plaintiff.
Judgment is entered in favor of the defendant and costs are allowed as may be taxed by the Clerk.
It is so ordered.
HIGGINS, J.