[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE SECOND COUNT OF COMPLAINT
This is a two count revised complaint against a physician, the first count sounding in negligence, the second claiming recklessness, arising out of defendant's alleged failure to diagnose a two-part fracture of the proximal left humerus, requiring internal fixation surgery, instead interpreting plaintiff's condition as an impacted fracture of the surgical neck. The second count alleges "repeated deviation from acceptable medical care after realizing that his actions involved serious danger to the plaintiff."
Defendant moves to strike the second count because plaintiff has failed to allege facts sufficient to support a cause of action for reckless misconduct, arguing that plaintiff has relied on the same factual allegations or deviations from the standard of medical care contained in the first count sounding in negligence.
No appellate authority has been found in Connecticut specifically sanctioning or prohibiting a claim for recklessness in a medical malpractice action. Defendant claims that General Statute § 52-84, which defines the statute of limitations for actions sounding in negligence, recklessness and medial malpractice, by separating reckless action from a malpractice action indicates a legislative intent that such actions not be combined. That same reasoning would, of course, prevent the combining of negligence and malpractice counts in a single action and is not convincing.
It appears that a number of decisions in our Superior Court, without making a specific holding, have accepted as appropriate a claim alleging recklessness in a medical malpractice action. SeeWoodcock v. Sharon Hospital, Judicial District of Litchfield, N. CV 94 006 5314 (January 11, 1996 Pickett, J.) Epstein v. Jalbert
1997 WL 584708 (September 9, 1997, Wagner, J.). There is also support for the appropriateness of such a claim in 61 Am.Jur.2d, Physicians Surgeons etc. § 371 and in the reported decisions of several states. See 27 A.L.R.3rd 1274, Medical Malpractice — Punitive Damages. There seems to be no bar to the assertion of a claim alleging reckless conduct as part of a medical malpractice action in Connecticut
 II.
However, defendants claim that the allegations in the second CT Page 16706 count are basically the same as the first count and in any event are insufficient to sustain an allegation of reckless conduct under the definition of recklessness set forth in Dubay v. Irish,207 Conn. 518, 532 (1988). In that case the Supreme Court quoted at length from several of its previous opinions expounding on the definition of recklessness. Defendant seeks to invoke language that language in Dubay, traceable to Sharkey v. Skilton,83 Conn. 503, 507 (1910) which requires in a wilful and malicious injury not only the action producing the injury, but the resulting injury must be intentional".
But in Dubay, the Supreme Court goes on to state at p. 533:
 While we have attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing. "The result is that `willful,' `wanton,' or `reckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtfulness or inadvertence, or simply inattention . . . ." W. Prosser W. Keeton, Torts (5th Ed.) § 34, p. 214.
This latter definition involving "an extreme departure from ordinary care in a situation where a high degree of danger is apparent" is consistent with 2 Restatement (Second) Torts § 500 Comment (f)(1965) which distinguishes reckless misconduct from intentional conduct, asserting that when a person acts recklessly, he does not necessarily intend to cause the harm which results from his actions.
In the second count, plaintiff has alleged not only that the defendant misread the initial x-ray of plaintiff in failing to ascertain the two part fracture of the humerus, but that be made the same misreading on several successive x-rays he examined. If proven, this is sufficient to constitute "aggravated negligence" as defined in Dubay and thereby constitute reckless misconduct, because this would be more than a "mere mistake resulting from inexperience, excitement or confusion, and more than mere thoughtfulness or inadvertence, or simply inattention".
Motion to strike denied. CT Page 16707
Jerry Wagner Judge Trial Referee